UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) NOTICE OF **PRELIMINARY**
) HEARING ON MOTION
)     FOR USE OF CASH COLLATERAL
)     TO OBTAIN CREDIT
Debtor(s) ) *(Check One)*

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion    For Use of Cash Collateral    To Obtain Credit *(check one)*. A copy of the motion is attached; and it includes BOTH (i) the statement required by Local Form #541.7, and (ii) the following allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is _____.

   b. The amount of    cash collateral    credit *(check one)* necessary to avoid the harm detailed above prior to the final hearing is _____.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3. A **PRELIMINARY** HEARING on the motion WILL BE HELD ON _____ AT _____ IN _____.
Testimony will be received if offered and admissible.

4. If you WISH TO OBJECT to the motion, YOU MUST DO ONE OR BOTH OF THE FOLLOWING: (1) ATTEND the preliminary hearing; AND/OR (2) FILE with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401), BOTH: (a) a written response, which states the facts upon which you will rely, AND (b) a certificate showing a COPY of the response was given DIRECTLY TO the Judge, and served on the U.S. Trustee and the party named in pt. 2 above. See Local Form #541.51 for details.

5. On _____ copies of BOTH this notice AND the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. §705; any Creditors' Committee Chairperson [or, if none serving, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any Creditors' Committee attorney; the U.S. Trustee; and all affected lien holders whose names and addresses used for service are as follows:

_____
Signature
_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541.1 (2/13/09)       **\*\*LOCAL FORM #541.51 ATTACHED IF this NOTICE served on PAPER\*\***

Case 12-36345-elp11    Doc 31    Filed 10/11/12

Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: tstilley@sussmanshank.com
        tsolomon@sussmanshank.com

Attorneys for Paul Joe, Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Joe, Paul,<br><br>              Debtor. | Case No. 12-36345-elp11<br><br>MOTION FOR ENTRY OF STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL<br><br>**Expedited Hearing Requested** |

Pursuant to Section 363(c) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and LBR 4001-2, Paul Joe, the Debtor-in-Possession ("DIP") moves this Court for (a) entry of the interim Stipulated Order Authorizing Use of Cash Collateral and Granting Adequate Protection attached hereto as Exhibit 1 (the "Stipulated Order"); and (b) after final hearing held pursuant to Bankruptcy Rule 4001(b)(2), entry of a final order authorizing DIP to use cash collateral during the pendency of his case.  In support of its Motion, DIP states as follows:

        1.    The Stipulated Order does not contain any of the provisions listed in the Court's Guidelines Regarding Motions to Use Cash Collateral or to Obtain Credit (Local Form 541.7).

**Page 1 of 4** - MOTION FOR ENTRY OF STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 31    Filed 10/11/12

**BACKGROUND**

2. On August 17, 2012 (the "Petition Date"), DIP filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. DIP has continued in possession of his property and is continuing to operate and manage his business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. The Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334. Venue is proper in this district pursuant to 28 USC §§ 1408 and 1409. This is a core proceeding pursuant to 28 USC § 157(b)(2)(M).

5. DIP borrowed money from Hampton Heights, L.L.C. ("Lender"), DIP's prepetition lender, pursuant to that certain promissory note dated June 17, 2010 from Paul Joe to Hampton Heights, L.L.C. in the original principal amount of $1,100,000.

6. In connection with that loan, DIP executed a Deed of Trust on June 17, 2010 (the "Deed of Trust").

7. Pursuant to the Deed of Trust, Lender has a lien on the real property owned by DIP (the "Real Property") in the amount of approximately $1.2 million.

8. Lender also asserts that the rents (the "Rents") from Bing's Restaurant, the tenant of the restaurant building located on the Real Property, are Lender's cash collateral ("Cash Collateral") pursuant to the terms of the Deed of Trust.

9. DIP's sole source of income is the Rents.

10. No party other than the Lender asserts an interest in the Rents.

**RELIEF REQUESTED**

11. DIP seeks to use a portion of the Cash Collateral pursuant to Sections 105(a) and 363(c)(2) of the Bankruptcy Code and the terms and conditions of

Page 2 of 4 - MOTION FOR ENTRY OF STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 12-36345-elp11    Doc 31    Filed 10/11/12

the Stipulated Order, to pay DIP's continuing operating expenses, including his Chapter 11 administrative expenses.

## BASIS FOR RELIEF REQUESTED

12. DIP requires use of Cash Collateral to meet his basic living expenses, to preserve and maintain the assets of the bankruptcy estate, and to pay certain administrative expenses. Without use of such Cash Collateral, DIP will lack sufficient funds to live and to propose and confirm a plan of reorganization in this case.

13. DIP seeks to use only a relatively small portion of the Cash Collateral. Specifically, as provided in the Budget attached hereto as Exhibit 2, out of the $10,100 monthly rent payments he receives from Bing's Restaurant, DIP proposes to spend $2,600 on living expenses, and to deposit the remaining $7,500 into the DIP bank account as a reserve from which to pay amounts pursuant to DIP's plan of reorganization.

14. A debtor in possession may not use cash collateral unless each entity that has an interest in such cash collateral consents. 11 USC § 363(c)(2). Lender consents to the use of cash collateral on the terms set forth herein and in the Stipulated Order.

## REQUEST FOR A FINAL HEARING

15. Pursuant to Bankruptcy Rule 4001(b), a final hearing on a request for authority to use Cash Collateral may only be commenced after fourteen (14) days notice for the motion requesting such relief. DIP requests that the Court set a hearing, as soon as possible after the expiration of the 14 day notice, for the Court to consider entering a final order approving DIP's use of cash collateral.

## NOTICE

16. DIP has provided notice of this Motion to each of his unsecured creditors, Lender, all creditors requesting special notice, all known secured creditors, the Internal Revenue Service, and the Office of the United States Trustee. No unsecured creditors'

Page 3 of 4 - MOTION FOR ENTRY OF STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 12-36345-elp11    Doc 31    Filed 10/11/12

| | |
|---|---|
| 1 | committee has been appointed in this case. DIP submits that no other or further notice |
| 2 | is required under the circumstances. |
| 3 | WHEREFORE, DIP prays that this Court (a) enter the Stipulated Order attached |
| 4 | hereto as Exhibit 1; and (b) after final hearing held pursuant to Bankruptcy Rule |
| 5 | 4001(b)(2), enter a final order authorizing DIP to use the Cash Collateral during the |
| 6 | pendency of this case. |
| 7 | DATED this 11th day of October, 2012. |
| 8 | SUSSMAN SHANK LLP |
| 9 | /s/ *Timothy A. Solomon* |
| 10 | By _____ |
| 11 | Thomas W. Stilley, OSB No. 883167<br>Timothy A. Solomon, OSB No. 072573<br>Attorneys for Debtor-in-Possession |
| 12 | F:\CLIENTS\21964\002\00129619.DOC |

**Page 4 of 4** - MOTION FOR ENTRY OF STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 31    Filed 10/11/12

| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| In re: | ) | Case No. 12-36345-elp11 |
|---|---|---|
| Joe, Paul, | ) ) ) | STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION |
| Debtor. | ) ) ) ) | |

Paul Joe, the debtor in possession (the "DIP"), and Hampton Heights, L.L.C. ("Lender"), stipulate as follows:

A. <u>Commencement of Case</u>. On August 17, 2012 (the "Petition Date"), the DIP filed a voluntary petition for relief with this Court, commencing a case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the DIP has continued to manage and operate his property and business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this proceeding

Page 1 of 5 – STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Exhibit 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 31    Filed 10/11/12

and the parties and properties affected hereby pursuant to 28 USC §§ 157(b) and 1334 and this is a core proceeding pursuant to 28 USC § 157(b)(2). Venue for proceeding on this Stipulated Order is proper in this Court pursuant to 28 USC § 1409.

C. <u>No Creditors' Committee</u>. To date, the United States Trustee has not appointed a committee pursuant to section 1102(a) of the Bankruptcy Code.

D. <u>Prepetition Indebtedness and Security Therefore</u>. The DIP's secured lender is Lender. As of the Petition Date, the amount owed to Lender was approximately $1.2 million. Lender asserts that its claim against the DIP is secured by a valid, enforceable, and properly perfected security interest in the DIP's real property, and in the rents generated by that property (the "Rents").

E. <u>Necessity of Use of Cash Collateral</u>. The DIP is currently unemployed so that the DIP's sole source of income is the Rents, and the DIP asserts that it is necessary for the DIP to use Cash Collateral to meet his basic living expenses, to preserve and maintain the assets of the bankruptcy estate, and to pay certain administrative expenses. Without use of such Cash Collateral, the DIP asserts that he will lack sufficient funds to live and to propose and confirm a plan of reorganization in this case. Use of Cash Collateral is necessary to avoid immediate and irreparable harm to the estate.

F. <u>Cause</u>. Entry of this Order will minimize disruption of the DIP's life, preserve the value of the DIP's assets, and is in the best interests of the DIP, his creditors, and his estate.

G. <u>Notice</u>. Notice of this Stipulated Order has been given to (a) the Office of the United States Trustee, (b) the Lender, (c) all creditors of the DIP, and (d) all parties requesting special notice pursuant to Bankruptcy Rule 2002. Sufficient and adequate notice of the hearing and the relief requested has been given pursuant to all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including, without

Exhibit 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 31    Filed 10/11/12

limitation, Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001.

**NOW THEREFORE**, the Court being fully advised in the premises, it is hereby ORDERED as follows:

1. The DIP is authorized to use Cash Collateral in accordance with the terms of this Order to pay costs and expenses incurred by the DIP in the ordinary course, until November 30, 2012.

2. The DIP's authority to spend Cash Collateral is limited to the sum of $2,600 per month. All excess Cash Collateral shall be deposited into the DIP bank account and held pending further Order of this Court.

3. As adequate protection for any Cash Collateral used by the DIP, the Lender is hereby granted, pursuant to sections 361(1) and 363(e) of the Bankruptcy Code, a perfected lien or liens (the "Replacement Liens") in the postpetition Rents, receipts, and other income generated from operation of the DIP's real property in which the Lender holds pre-petition liens and security interests, with the same priority as existed in such prepetition liens and security interests as of the Petition Date. These security interests are granted to the Lender for the sole purpose of providing adequate protection to the Lender to protect its allowed secured claim on the Petition Date and are not intended, nor shall they be deemed, to improve the collateral position of the Lender as of the Petition Date.

4. The Replacement Liens granted by this Order shall be deemed perfected and enforceable by operation of law upon execution and entry of this Order by the Court without regard to whether such security interests and liens are perfected under

Page 3 of 5 – STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Exhibit 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 31    Filed 10/11/12

applicable non-Bankruptcy law.

5. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including the DIP) to contest the validity, priority, or extent of the liens or security interests of any party in any prepetition collateral or the proceeds thereof; (b) convert any prepetition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization; (d) alter, improve, limit, or impair the rights, if any, of parties claiming to have rights of reclamation or statutory lien rights against the DIP or his assets; or (e) enhance the secured position of any creditor as of the Petition Date.

6. The DIP's authority to use cash collateral may be extended beyond November 30, 2012 by mutual agreement of the DIP and the Lender. In the event of such agreement, the DIP may submit a further order allowing the use of Cash Collateral on substantially similar terms without an additional motion or hearing, provided the terms of any future proposed order are first served on the United States Trustee, the top twenty Unsecured Creditors (or the Unsecured Creditor's Committee if one is appointed), and anyone requesting special notice, within 3 business days prior to its submission to the court with an opportunity to object and request a hearing.

7. This Order, and each of its terms, shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of Bankruptcy Rule 8017(a) shall not apply.

# # #

Exhibit 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 31    Filed 10/11/12

IT IS SO STIPULATED:

SUSSMAN SHANK LLP

*/s/ Timothy A. Solomon*
_____
Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
Attorneys for the DIP


FOLAWN ALTERMAN & RICHARDSON LLP

*/s/ Courtney C. Dippel*
_____
Courtney C. Dippel, OSB No. 022916
Attorneys for Lender

PRESENTED BY:

SUSSMAN SHANK LLP

*/s/ Timothy A. Solomon*
_____
Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
Attorneys for the DIP

c:   ECF Participants
     Interested Parties

F:\WDOCS\CLNTFLS\21964\002\PLEADING\00181610.DOCX

Page 5 of 5 –  STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Exhibit 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 31    Filed 10/11/12

**CASH COLLATERAL BUDGET -- SEPTEMBER - NOVEMBER 2012**

|  | SEPT | OCT | NOV |
|---|---|---|---|
| **RENT PAYMENT** | $ 10,100.00 | $10,100.00 | $10,100.00 |
| **EXPENSES** | | | |
| **Living Expenses** | $ (2,600.00) | $ (2,275.00) | $ (2,600.00) |
| **Trustee Fees** | $ - | $ (325.00) | $ - |
| **Remaining cash to be deposited in DIP account** | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 |

Exhibit 2