Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: tstilley@sussmanshank.com
       tsolomon@sussmanshank.com

       Attorneys for Paul Joe

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) | Case No. 12-36345-elp11 |
| | ) | |
| Paul, Joe | ) | DISCLOSURE STATEMENT |
| | ) | CONCERNING DEBTOR'S PLAN OF |
| Debtor. | ) | REORGANIZATION (Dated |
| | ) | November 30, 2012) |
| | ) | |
| | ) | |
| | ) | |

**THIS DISCLOSURE STATEMENT HAS <u>NOT</u> YET BEEN APPROVED BY THE COURT AS CONTAINING ADEQUATE INFORMATION WITHIN THE MEANING OF SECTION 1125 OF THE BANKRUPTCY CODE. IF YOU HAVE REQUESTED AND RECEIVED A COPY OF THIS DISCLOSURE STATEMENT IN CONNECTION WITH THE COURT'S HEARING TO CONSIDER APPROVAL OF THE DISCLOSURE STATEMENT, NOTHING CONTAINED HEREIN IS OR SHALL BE DEEMED A SOLICITATION OF ACCEPTANCE OF THE PLAN OF REORGANIZATION.**

TABLE OF CONTENTS

I.    INTRODUCTION AND STATEMENTS REGARDING REPRESENTATIONS ......... 1

      A.    Introduction.................................................................................................1

      B.    The Debtor's Real Property Interests .........................................................1

      C.    Definitions and Plan Supremacy ...............................................................1

      D.    Summary of Key Features of the Plan........................................................1

      E.    Limited Representations.............................................................................3

      F.    Voting .......................................................................................................5

      G.    Plan Summary...........................................................................................6

II.   FUNDING SOURCES FOR THE PLAN ...................................................................8

III.  FACTORS LEADING TO CHAPTER 11 FILING, AND DEBTOR'S ASSETS AND

      LIABILITIES ........................................................................................................8

      A.    Factors Leading to Chapter 11 Filing ........................................................8

IV.   DESCRIPTION OF THE PLAN ...............................................................................9

      A.    Classification And Treatment Of Claims Under The Plan............................9

            1.   Claim Amounts .................................................................................9

            2.   Effective Date of the Plan ...............................................................10

            3.   Classification Generally ..................................................................10

            4.   Treatment of Claims .......................................................................10

      B.    Executory Contracts and Unexpired Leases to be Assumed if not

            Rejected ...................................................................................................10

            1.   Assumption of the Lease .................................................................11

      C.    Objections to Claims ................................................................................11

      D.    Administrative Claims Bar Date.................................................................12

      E.    Discharge .................................................................................................12

      F.    Vesting of Property...................................................................................12

| | | | |
|---|---|---|---|
| 1 | G. | *Exculpation And Limitation Of Liability* .......................................................... 13 | |
| 2 | H. | Reservation of Rights .................................................................................. 13 | |
| 3 | V. | FEDERAL TAX CONSEQUENCES ......................................................................... 14 | |
| 4 | VI. | ACCEPTANCE AND CONFIRMATION ................................................................... 14 | |
| 5 | A. | Voting Procedures ....................................................................................... 14 | |
| 6 | | 1. Generally ............................................................................................. 14 | |
| 7 | | 2. Incomplete Ballots .............................................................................. 15 | |
| 8 | | 3. Withdrawal Of Ballots; Revocation ..................................................... 15 | |
| 9 | | 4. Submission Of Ballots ......................................................................... 15 | |
| 10 | | 5. Confirmation Hearing and Plan Objection Deadline .............................. 16 | |
| 11 | | 6. Feasibility ........................................................................................... 16 | |
| 12 | A. | Best Interests Of Creditors ........................................................................ 17 | |
| 13 | B. | Confirmation Over Dissenting Class............................................................ 17 | |
| 14 | | 1. No Unfair Discrimination..................................................................... 17 | |
| 15 | | 2. Fair and Equitable Test ....................................................................... 17 | |
| 16 | | (a) Secured Creditors ............................................................................ 17 | |
| 17 | | (b) Unsecured Creditors ......................................................................... 18 | |
| 18 | VII. | ALTERNATIVES TO THE PLAN............................................................................. 19 | |
| 19 | VIII. | CONCLUSION .................................................................................................. 19 | |

20

21

22

23

24

25

26

1    Paul Joe, the Debtor and Debtor-in-Possession in the above-captioned

2    Chapter 11 Case (the "Debtor"), has prepared this Disclosure Statement in connection

3    with the solicitation of acceptances of the Debtor's Plan of Reorganization dated

4    November 30, 2012 (the "Plan"). A copy of the Plan accompanies this Disclosure

5    Statement.

6    I.    INTRODUCTION AND STATEMENTS REGARDING REPRESENTATIONS.

7          A.    Introduction.

8          On August 17, 2012 (the "Petition Date"), the Debtor commenced this Chapter 11

9    reorganization case ("Case") by filing a voluntary petition under Chapter 11 of the

10   United States Bankruptcy Code ("Bankruptcy Code"). Since the Petition Date the

11   Debtor has remained a debtor-in-possession pursuant to Sections 1107 and 1108 of the

12   Bankruptcy Code.

13         B.    The Debtor's Real Property Interests.

14         The Debtor owns the real property and improvements located at 58209 Columbia

15   River Hwy, St Helens, OR, known as Bing's Restaurant.

16         C.    Definitions and Plan Supremacy.

17         All terms defined in the Plan will have the same meanings when used in this

18   Disclosure Statement. Terms defined in this Disclosure Statement which are also

19   defined in the Plan are solely for convenience and the Debtor does not intend to change

20   the definitions of those terms from the Plan. Furthermore, in the event of any

21   inconsistency between the Plan and this Disclosure Statement, the Plan will control.

22   The Exhibit attached to this Disclosure Statement is incorporated into and is a part of

23   this Disclosure Statement.

24         D.    Summary of Key Features of the Plan.

25         The following is a brief summary of the key features of the Plan:

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 56    Filed 11/30/12

1    (i)    The Debtor will restructure the promissory note held by his secured

2           lender, Hampton Heights, L.L.C., and secured by the Real Property, as

3           follows:    the Reorganized Debtor will execute and deliver a new a

4           promissory note in the original principal amount of $1,203,583.31 (the

5           "Reorganization Note") payable on the terms set forth below and secured

6           by a lien and security interest in all real and personal property that

7           secured the Note, with the same priority Hampton Heights, L.L.C.'s liens

8           and security interests had as of the Petition Date.  The Reorganization

9           Note will accrue interest at the rate of 4.50% per annum and will be paid

10          as follows: (1) 120 equal monthly installments of principal and interest

11          based on a 30-year amortization schedule; and (2) a balloon payment of

12          all remaining principal and interest at the end of 10 years; provided,

13          however, that the Reorganized Debtor may prepay all or some portion of

14          the Reorganization Note at any time without prepayment penalty.

15   (ii)   All other holders of allowed claims will be paid in full, in cash, as follows:

16          o    Holders of Allowed Non-Tax Priority Claims will receive

17               payment from Reorganized Debtor of the full amount of their

18               Allowed Claims on or as soon as reasonably practicable

19               following the Effective Date, or, if later, the Allowance Date.

20          o    Holders of Allowed General Unsecured Claims will receive

21               payment in full, in 60 equal monthly installments, plus interest

22               at a rate of 3.50% per annum, with such payments to

23               commence within 30 days following the Effective Date.

24          o    The Debtor does not believe there are any holders of Property

25               Tax Secured Claims.  To the extent there are, each creditor

26               holding an Allowed Property Tax Secured Claim will receive

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 12-36345-elp11    Doc 56    Filed 11/30/12

1    payment in full, in 24 equal monthly installments, plus interest

2    at the applicable statutory rate, with such payments to

3    commence within 30 days following the Effective Date.

4    o   The holder of the City of St. Helens Secured Claim will receive

5    no distribution under the Plan.  The claim will continue to be

6    secured by a lien in all real and personal property that secured the

7    lien as of the Petition Date, with the same priority such liens had as

8    of the Petition Date.  This claim will be paid by Bing's

9    Restaurant on terms agreed to between the City of St. Helens

10    and Bing's Restaurant; however, the Debtor will remain liable

11    for any amounts due to the holder of the City of St. Helens

12    Secured Claim to the extent such payments are not made by

13    Bing's Restaurant.

14    o   The creditor holding the One Main Financial Secured Claim

15    will retain its security interest in the 1994 Lexus ES300 and

16    will receive payments consistent with the Debtor's contractual

17    payment obligations in connection therewith.

18    o   The holder the Payroll Tax Secured Claim will receive no

19    distribution under the Plan.  However, the Debtor will remain

20    liable for any amounts due to the holder of the Payroll Tax

21    Secured Claim to the extent such payments are not made by

22    Bing's Restaurant.

23    E.   Limited Representations.

24    This Disclosure Statement is submitted in accordance with Section 1125 of the

25    Bankruptcy Code for the purpose of soliciting acceptances of the Plan from holders of

26    certain Claims.  The Court has approved this Disclosure Statement as containing

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11   Doc 56   Filed 11/30/12

1  information of a kind, and in sufficient detail, which is adequate to enable you to make

2  an informed judgment whether to vote to accept or reject the Plan.

THIS DISCLOSURE STATEMENT IS NOT THE PLAN. THIS DISCLOSURE STATEMENT, TOGETHER WITH THE PLAN WHICH ACCOMPANIES THIS DISCLOSURE STATEMENT, SHOULD BE READ COMPLETELY. FOR THE CONVENIENCE OF CREDITORS, THE PLAN IS SUMMARIZED IN THIS DISCLOSURE STATEMENT, BUT ALL SUMMARIES AND OTHER STATEMENTS REGARDING THE PLAN ARE QUALIFIED IN THEIR ENTIRETY BY THE PLAN ITSELF, WHICH IS CONTROLLING IN THE EVENT OF ANY INCONSISTENCY.

NO REPRESENTATIONS OR ASSURANCES CONCERNING THE DEBTOR, INCLUDING, WITHOUT LIMITATION, ITS OPERATIONS, THE VALUE OF ITS ASSETS, OR THE FUTURE OPERATIONS OF THE REORGANIZED DEBTOR ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT.

THIS IS A SOLICITATION BY THE DEBTOR ONLY AND IT IS NOT A SOLICITATION BY THE DEBTOR'S ATTORNEYS OR ANY OTHER PROFESSIONALS EMPLOYED BY THE DEBTOR. THE REPRESENTATIONS MADE HEREIN ARE THOSE OF THE DEBTOR AND NOT OF THE DEBTOR'S ATTORNEYS OR ANY OTHER PROFESSIONAL.

UNLESS OTHERWISE EXPRESSLY STATED, PORTIONS OF THIS DISCLOSURE STATEMENT DESCRIBING THE DEBTOR'S FINANCIAL CONDITION HAVE NOT BEEN SUBJECTED TO AN INDEPENDENT AUDIT, BUT PREPARED FROM INFORMATION COMPILED BY THE DEBTOR FROM RECORDS MAINTAINED IN THE ORDINARY COURSE OF ITS OPERATIONS. REASONABLE EFFORTS HAVE BEEN MADE TO ACCURATELY PREPARE ALL FINANCIAL INFORMATION WHICH MAY BE CONTAINED IN THIS DISCLOSURE STATEMENT FROM THE INFORMATION AVAILABLE TO THE DEBTOR. HOWEVER, AS TO ALL SUCH FINANCIAL INFORMATION, THE DEBTOR IS  UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN IS WITHOUT ERROR.

THE CONTENTS OF THIS DISCLOSURE STATEMENT SHOULD NOT BE CONSTRUED AS LEGAL, BUSINESS OR TAX ADVICE TO CREDITORS. CREDITORS SHOULD CONSULT THEIR OWN LEGAL COUNSEL OR TAX ADVISOR ON ANY QUESTIONS OR CONCERNS ABOUT TAX OR OTHER LEGAL EFFECTS OF THE PLAN ON CREDITORS.

**Page 4 of 20** – DISCLOSURE STATEMENT CONCERNING DEBTOR'S PLAN OF REORGANIZATION DATED NOVEMBER 30, 2012

1        F.     <u>Voting</u>.

2        Under the Bankruptcy Code, only creditors with Claims in "impaired" classes and

3 with Claims that are Allowed, or have been Temporarily Allowed by the Bankruptcy

4 Court pursuant to an order, are entitled to vote on the Plan. In general, a Claim is

5 "allowed," as that term is used in the Bankruptcy Code, if (1) the Claim is listed in the

6 Debtor's schedules of liabilities filed with the Bankruptcy Court as not disputed,

7 contingent, or unliquidated, or (2) a proof of claim has been timely filed with the Court by

8 the holder of the Claim, and the Debtor has not filed an objection to the Claim, or (3) the

9 Bankruptcy Court has entered an order allowing the Claim. If a Claim is not Allowed,

10 but the holder thereof wishes to vote on the Plan, the holder must timely file a motion

11 with the Bankruptcy Court requesting that the Claim be Temporarily Allowed.

12        In order for a class of Claims to vote to accept the Plan, votes representing at

13 least two-thirds in amount and more than one-half in number of the Claims voting in that

14 class must be cast in favor of acceptance of the Plan. As more fully described below,

15 the Debtor is seeking acceptances from holders of Allowed Claims in the following

16 classes (reserving the right to supplement as to any other impaired class(es) of Claims,

17 if any):

18

19

20

21

22

| Class | Description | Status |
|-------|-------------|--------|
| Class 2 | Hampton Heights, L.L.C. | Impaired – Entitled to Vote |
| Class 3 | General Unsecured Claims | Impaired – Entitled to Vote |
| Class 4 | Property Tax Secured Claims | Impaired – Entitled to Vote |

23        The following classes of Claims are not impaired under the Plan:

24

25

26

| Class | Description | Status |
|-------|-------------|--------|
| Class 1 | Non-Tax Priority Claims | Unimpaired – Deemed to Accept |

**Page 5 of 20** – DISCLOSURE STATEMENT CONCERNING DEBTOR'S PLAN OF REORGANIZATION DATED NOVEMBER 30, 2012

| | | | |
|---|---|---|---|
| Class 5 | City of St. Helens Secured Claims | Unimpaired – Deemed to Accept |
| Class 6 | One Main Financial Secured Claim | Unimpaired – Deemed to Accept |
| Class 7 | Payroll Tax Secured Claim | Unimpaired – Deemed to Accept |

The specific treatment of each class under the Plan is set forth in the Plan and is summarized in Articles I.G and IV of this Disclosure Statement.  Section 1129(b) of the Bankruptcy Code provides that, if the Plan is rejected by one or more impaired classes of Claims, the Plan nevertheless may be confirmed by the Court if: (1) the Court determines that the Plan does not discriminate unfairly and is fair and equitable with respect to the rejecting class(es) of Claims that are impaired under the Plan; and (2) at least one class of impaired Claims has voted to accept the Plan.  These requirements are described in further detail in Section VII.C of this Disclosure Statement.

A VOTE FOR ACCEPTANCE OF THE PLAN BY THOSE HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE IS IMPORTANT.  THE DEBTOR RECOMMENDS THAT THE HOLDERS OF ALLOWED IMPAIRED CLAIMS VOTE IN FAVOR OF THE PLAN.

IN ORDER FOR A VOTE TO BE COUNTED, A BALLOT MUST BE PROPERLY FILLED OUT AND ACTUALLY RECEIVED ON OR BEFORE 5 P.M. PREVAILING PACIFIC TIME ON _____ __, 2012, BY THE DEBTOR'S ATTORNEYS AS SET FORTH IN THE BALLOT.

G.    Plan Summary.

A table summarizing the classification and treatment of Claims under the Plan is set forth below.

| Class/Nature Of Claim | Treatment | Estimated Amount of Allowed Claims | Dates and Approximate Amount of Distributions | Estimated % Distribution |
|---|---|---|---|---|
| Administrative Claims (Including Professional Fees and Expenses) | Unimpaired | $50,000 | To be paid in full either on or as soon as reasonably practicable following the Effective Date, or, if later, the Allowance Date; or upon such terms as may be agreed to in writing by the Administrative Claimant and the Debtor or Reorganized Debtor. | 100% |

**Page 6 of 20** – DISCLOSURE STATEMENT CONCERNING DEBTOR'S PLAN OF REORGANIZATION DATED NOVEMBER 30, 2012

| Class/Nature Of Claim | Treatment | Estimated Amount of Allowed Claims | Dates and Approximate Amount of Distributions | Estimated % Distribution |
|---|---|---|---|---|
| Priority Tax Claims | Unimpaired | $0 | To be paid in full, together with interest from and after the Effective Date at the rate determined pursuant to 11 USC § 511, in equal monthly installments of principal and interest, to commence within 30 days following the Effective Date, with the final payment to be made on or before the 5th anniversary of the first monthly installment payment. | 100% |
| Class 1 Non-Tax Priority Claims | Unimpaired | $735.00 | To be paid in full either on or as soon as reasonably practicable following the Effective Date, or, if later, the Allowance Date. | 100% |
| Class 2 Hampton Heights, L.L.C. Claim | Impaired | $1,203,583.31 | The Reorganized Debtor will, on the Effective Date, execute and deliver to Hampton Heights, L.L.C. a promissory note in the original principal amount of $1,203,583.31 (the "Reorganization Note") payable on the terms set forth below and secured by a lien and security interest in all real and personal property that secured the Note, with the same priority Hampton Heights, L.L.C.'s liens and security interests had as of the Petition Date. The Reorganization Note will accrue interest at the rate of 4.50% per annum and will be paid as follows: (1) 120 equal monthly installments of principal and interest based on a 30-year amortization schedule; and (2) a balloon payment of all remaining principal and interest at the end of 10 years | 100% of restructured Secured Claim in installments with balloon payment in 10 years |
| Class 3 General Unsecured Claims | Impaired | $49,876.73 | Holders of Allowed General Unsecured Claims will receive payment in full, plus interest at a rate of 3.50% per annum, in 60 equal monthly installments, with such payments to commence within 30 days following the Effective Date. The Reorganized Debtor will be free to prepay all or any portion of such Claims at any time. | 100% |
| Class 4 Property Tax Secured Claims | Impaired | $0 | The Debtor does not believe there are any holders of Property Tax Secured Claims. To the extent there are, each creditor holding an Allowed Property Tax Secured Claim will receive payment in full, in 24 equal monthly installments, plus interest at the applicable statutory rate, with such payments to commence within 30 days following the Effective Date. | 100% |

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 56    Filed 11/30/12

| Class/Nature Of Claim | Treatment | Estimated Amount of Allowed Claims | Dates and Approximate Amount of Distributions | Estimated % Distribution |
|---|---|---|---|---|
| Class 5 City of St. Helens Secured Claims | Unimpaired | $146,149.57 | The holder of the City of St. Helens Secured Claim will receive no distribution under the Plan. The claim will continue to be secured by a lien in all real and personal property that secured the lien as of the Petition Date, with the same priority such liens had as of the Petition Date. This claim will be paid by Bing's Restaurant on terms agreed to between the City of St. Helens and Bing's Restaurant; however, the Debtor will remain liable for any amounts due to the holder of the City of St. Helens Secured Claim to the extent such payments are not made by Bing's Restaurant. | 0% |
| Class 6 One Main Financial Secured Claim | Unimpaired | $6,313.36 | The creditor will retain its security interest in the 1994 Lexus ES300 and will receive payments consistent with the Debtor's contractual payment obligations in connection therewith. | 100% |
| Class 7 Payroll Tax Secured Claim | Unimpaired | $10,000.00 | The holder of the Payroll Tax Secured Claim will receive no distribution under the Plan. However, the Debtor will remain liable for any amounts due to the holder of the Payroll Tax Secured Claim to the extent such payments are not made by Bing's Restaurant. | 0% |

II.     FUNDING SOURCES FOR THE PLAN.

The Debtor is contractually entitled to a monthly payment of $10,100 under the Lease. Beginning in January 2013, this payment will be raised to $11,375 per month. These Lease payments will be used to fund the Reorganized Debtor's obligations under this Plan.

III.    FACTORS LEADING TO CHAPTER 11 FILING, AND DEBTOR'S ASSETS AND LIABILITIES.

A.      Factors Leading to Chapter 11 Filing.

The Debtor's principal asset is real property in St. Helens, Oregon (the "Real Property"), upon which a restaurant, Bing's Restaurant, is located. From time to time, the Debtor borrowed money against the Real Property, for

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11   Doc 56   Filed 11/30/12

1   improvements and other reasons. In late 2007, Bing's Restaurant suffered

2   damage in a fire. Although insurance covered a portion of the repair costs, the

3   Debtor borrowed additional funds to pay for renovations.

4        In 2010, the Debtor took out a loan from Hampton Heights, L.L.C., to pay

5   to renovate Bing's Restaurant and to take out the then-existing lender. In

6   connection with that loan, the Debtor issued that certain promissory note dated

7   June 17, 2010 to Hampton Heights, L.L.C. in the original principal amount of

8   $1,100,000. The Note required the Debtor to make payments of interest only, at

9   the rate of 11% per annum ($10,100 per month), beginning June 1, 2010. The

10  entire balance became payable in full on December 1, 2011. The Debtor made

11  all of his monthly payments through December 2011, but was unable to obtain a

12  new loan or negotiate an extension with Hampton Heights, L.L.C. After Hampton

13  Heights, L.L.C. commenced foreclosure proceedings against the Real Property,

14  the Debtor was forced to file this Case.

15  IV.  <u>DESCRIPTION OF THE PLAN</u>.

16       The following description of the Plan is for informational purposes only and does

17  not contain all provisions of the Plan. Creditors should not rely on this description for

18  voting purposes but should read the Plan in its entirety. This summary of the Plan does

19  not purport to be complete. THE PLAN IS CONTROLLING IN THE EVENT OF ANY

20  INCONSISTENCY BETWEEN THE CONTENTS OF THE PLAN AND THIS

21  DISCLOSURE STATEMENT.

22       A.  <u>Classification And Treatment Of Claims Under The Plan</u>.

23            1.  <u>Claim Amounts</u>.

24       Until Allowed, certain Claims against the Debtor are in unliquidated amounts.

25  Accordingly, the amounts of Claims specified in this Disclosure Statement reflect only

26  the Debtor's estimates based on information available to him. Additionally, the amounts

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11   Doc 56   Filed 11/30/12

1     of Claims specified in this Disclosure Statement do not include contingent or

2     unliquidated Claims against the Debtor.

3              2.      <u>Effective Date of the Plan</u>.

4         The Effective Date of the Plan determines when the performance of many of the

5     obligations under the Plan is due. Unless an appeal is taken from the Confirmation

6     Order, the Effective Date is expected to occur on the first day after the 14th day after

7     entry of the Confirmation Order.

8              3.      <u>Classification Generally</u>.

9         Under the Plan, all Claims against the Debtor, other than Administrative Claims

10    and Priority Tax Claims, are divided into seven separate classes, which the Debtor

11    believes complies with the requirements of the Bankruptcy Code. Unless otherwise

12    expressly stated in the Plan, the respective treatments under the Plan of Allowed

13    Claims are in full discharge and satisfaction of those Allowed Claims. Except as

14    provided in the Plan, all Claims against the Debtor arising prior to the Confirmation Date

15    will be discharged upon the Court's entry of a discharge order after completion of all

16    payments under the Plan.

17             4.      <u>Treatment of Claims</u>.

18        A table that briefly summarizes the classification and treatment of Claims under

19    the Plan is set forth in Section I.G above. Reference is made to the Plan itself for the

20    specific terms and provisions.

21       B.      <u>Executory Contracts and Unexpired Leases to be Assumed if not</u>

22    <u>Rejected</u>.

23        On the Effective Date, all executory contracts and unexpired leases of the Debtor

24    that have not been rejected under this Plan or by order of the Bankruptcy Court, and are

25    not the subject of a motion to reject pending on the Confirmation Date will be deemed

26    assumed by the Debtor and Reorganized Debtor on the Effective Date. If any party to

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11   Doc 56   Filed 11/30/12

1   an executory contract or unexpired lease that is being assumed objects to such
2   assumption, the Bankruptcy Court may conduct a hearing on such objection on any
3   date that is either mutually agreeable to the parties or fixed by the Bankruptcy Court.  All
4   payments to cure defaults that may be required under Section 365(b)(1) of the
5   Bankruptcy Code will be made by the Reorganized Debtor.  In the event of a dispute
6   regarding the amount of any such payments, or the ability of the Debtor to provide
7   adequate assurance of future performance, the Reorganized Debtor will make any
8   payments required by Section 365(b)(1) of the Bankruptcy Code after the entry of the
9   Final Order resolving such dispute.

10              1.    Assumption of the Lease.

11      At closing, the Reorganized Debtor will assume all of the Debtor's right, title,
12  interest and obligations under the Lease.

13          C.    Objections to Claims.

14      Notwithstanding the occurrence of the Effective Date, and except as to any Claim
15  that has been Allowed by Court order prior to the Effective Date, the Reorganized
16  Debtor, any Claimant, or any other party in interest may object to the allowance of any
17  Claim against the Debtor or seek estimation thereof on any grounds permitted by the
18  Bankruptcy Code by filing the appropriate pleading in the Bankruptcy Court at any time
19  prior to the first Business Day which is at least 60 days after the Effective Date.  No
20  payments or other distributions will be made to holders of Claims unless and until such
21  Claims are Allowed Claims.  If a Claim is not an Allowed Claim on the Effective Date, or
22  when payment is otherwise due under the Plan, payment on the Allowed Claim (plus
23  interest, if any, as provided in the Plan) will be made as soon as practicable following
24  the Allowance Date.

25

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    D.    <u>Administrative Claims Bar Date</u>.

2        All requests for payment of Administrative Claims other than Current Obligations

3    must be served and filed with the Bankruptcy Court no later than 30 days after the

4    Effective Date.  Any Administrative Claim that is not served and filed by such date will

5    be forever barred.    After approval of the final fee applications of the Chapter 11

6    Professionals by the Bankruptcy Court for services provided and costs incurred during

7    the course of administration of the Case, the Chapter 11 Professionals will not be

8    required to submit any further fee applications to the Bankruptcy Court.

9    E.    <u>Discharge</u>.

10        Except as otherwise expressly provided in the Plan, in the Plan Documents, or in

11    the Confirmation Order, once all payments have been completed under the Plan, the

12    Reorganized Debtor will request that the Bankruptcy Court enter an order discharging

13    the Debtor and Reorganized Debtor from all liability on any and all Claims and Debts,

14    known or unknown, whether or not giving rise to a right to payment or an equitable

15    remedy, that arose, directly or indirectly, from any action, inaction, event, conduct,

16    circumstance, happening, occurrence, agreement, or obligation of the Debtor or his

17    Representatives before the Confirmation Date, or that otherwise arose before the

18    Confirmation Date, including, without limitation, all interest, if any, on any such Claims

19    and Debts, whether such interest accrued before or after the date of commencement of

20    this Case, and from any liability of the kind specified in Sections 502(g), 502(h), and

21    502(i) of the Bankruptcy Code, whether or not a proof of claim is filed or is deemed filed

22    under Section 501 of the Bankruptcy Code, such Claim is Allowed under this Plan, or

23    the holder of such Claim has accepted this Plan.

24    F.    <u>Vesting of Property</u>.

25        Except as otherwise expressly provided in the Plan or in the Confirmation Order,

26    on the Effective Date, the Reorganized Debtor will be vested with all of the property of

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 56    Filed 11/30/12

1    the Estate free and clear of all Claims, liens, encumbrances, charges and other interests

2    of Creditors and Claimants.  As of the Effective Date, the Reorganized Debtor may hold,

3    use, dispose, and otherwise deal with such property and conduct his affairs, in each

4    case, free of any restrictions imposed by the Bankruptcy Code or by the Bankruptcy

5    Court, other than those restrictions expressly imposed by the Plan, the Confirmation

6    Order, or the Plan Documents.

7          G.    ***Exculpation And Limitation Of Liability.***

8          ***None of the Released Parties[1] will have or incur any liability to, or be***

9    ***subject to any right of action by, any holder of a Claim, any other party in***

10   ***interest, or any of their respective agents, employees, representatives,***

11   ***financial advisors, attorneys, or affiliates, or any of their successors or***

12   ***assigns, for any act or omission in connection with, relating to, or arising***

13   ***out of the Case, including the exercise of their respective business***

14   ***judgment and the performance of their respective fiduciary obligations, the***

15   ***pursuit of confirmation of the Plan, or the administration of the Plan, except***

16   ***liability for their willful misconduct, negligence, or breach of fiduciary duty,***

17   ***and in all respects, such parties will be entitled to reasonably rely upon the***

18   ***advice of counsel with respect to their duties and responsibilities under the***

19   ***Plan or in the context of the Case.***

20         H.    Reservation of Rights.

21         Except as expressly provided in the Plan and this Disclosure Statement, the Plan

22   will have no force or effect unless the Confirmation Order is entered by the Bankruptcy

23   Court and the Effective Date has occurred.  The filing of the Plan, any statement or

24   provision contained in the Plan or in this Disclosure Statement, or the taking of any

25

26   _____
     [1] "Released Parties" means the Debtor and Reorganized Debtor; and his managers,
     officers, directors, employees, representatives, and agents acting in such capacity.

**Page 13 of 20** – DISCLOSURE STATEMENT CONCERNING DEBTOR'S PLAN
OF REORGANIZATION DATED NOVEMBER 30, 2012

1  action by the Debtor with respect to the Plan will not be, or be deemed to be, an

2  admission or waiver of any rights of the Debtor.

3  V.    FEDERAL TAX CONSEQUENCES.

4        THE FEDERAL, STATE, LOCAL, AND FOREIGN TAX CONSEQUENCES OF

5  THE PLAN ARE COMPLEX AND, IN MANY AREAS, UNCERTAIN.  ACCORDINGLY,

6  ALL HOLDERS OF CLAIMS ARE STRONGLY URGED TO CONSULT THEIR TAX

7  ADVISORS WITH SPECIFIC REFERENCE TO THE FEDERAL, STATE, AND LOCAL

8  TAX CONSEQUENCES OF THE PLAN WITH RESPECT TO SUCH HOLDER.

9  NEITHER THE DEBTOR OR HIS COUNSEL MAKE ANY REPRESENTATIONS

10 REGARDING THE PARTICULAR TAX CONSEQUENCES OF CONFIRMATION AND

11 CONSUMMATION OF THE PLAN AS TO THE DEBTOR OR ANY CREDITOR.

12 VI.   ACCEPTANCE AND CONFIRMATION.

13        A.    Voting Procedures.

14              1.    Generally.

15        Only those Creditors whose Claims fall within one or more classes that are

16 impaired under the Plan are eligible to vote to accept or reject the Plan.  In that regard,

17 the holders of Allowed or Temporarily Allowed Claims in Classes 2-4 are entitled to vote

18 on the Plan.  Classes 1 and 5-7 are not impaired under the Plan and are deemed to

19 have accepted the Plan without voting.  The Debtor reserves the right to supplement

20 this Disclosure Statement (if necessary) and to solicit any Class which may prove to be

21 impaired and entitled to vote.

22        Separate Ballots will be sent to the known holders of Claims whether or not such

23 Claims are Disputed.  However, only the holders of Allowed or Temporarily Allowed

24 Claims in one or more impaired classes are entitled to vote on the Plan.  A Claim to

25 which an objection has been filed is not an Allowed Claim unless and until the

26 Bankruptcy Court rules on the objection and enters an order allowing the Claim.  The

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 56    Filed 11/30/12

1  holder of a Disputed Claim is not entitled to vote on the Plan unless the holder of such

2  Claim requests that the Bankruptcy Court, pursuant to Bankruptcy Rule 3018,

3  temporarily allow the Claim in an appropriate amount solely for the purpose of enabling

4  the holder of such Disputed Claim to vote on the Plan, and the Bankruptcy Court does

5  so.

6                    2.    Incomplete Ballots.

7        Ballots which are signed, dated, and timely received, but on which a vote to

8  accept or reject the Plan has not been indicated, will not be counted as a vote to accept

9  or to reject the Plan.

10                   3.    Withdrawal Of Ballots; Revocation.

11        The person or entity which has delivered a Ballot accepting or rejecting the Plan

12  may withdraw such acceptance or rejection by delivering a written notice of withdrawal

13  to the Debtor's attorneys, at any time prior to the voting deadline.

14        A notice of withdrawal, to be valid, must: (i) contain the description of the Claim

15  or Claims to which it relates and the amount of such Claim or Claims; (ii) be signed by

16  the voting person or entity in the same manner as the Ballot; and (iii) be received by the

17  Debtor's attorneys, Sussman Shank LLP, in a timely manner at the address set forth

18  below.

19        Unless otherwise directed by the Bankruptcy Court, a purported notice of

20  withdrawal of Ballots or change in the vote which is not received in a timely manner will

21  not be effective to withdraw or change a previously furnished Ballot.

22                   4.    Submission Of Ballots.

23        The form of Ballot for each of the Classes entitled to vote on the Plan will be sent

24  to the parties entitled to vote along with a copy of the Court-approved Disclosure

25  Statement and a copy of the Plan.   Persons or entities receiving the Disclosure

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    Statement and Plan should read the Disclosure Statement, Plan, and Ballot carefully.

2    Any questions concerning voting procedures should be addressed to:

3               Sussman Shank LLP
                Attn: Timothy A. Solomon
4               1000 SW Broadway, Suite 1400
                Portland, OR 97205
5               Phone:  503-227-1111
                Fax:  503-248-0130
6
7            Ballot(s) or withdrawals/revocations must be returned to the Debtor's attorneys at

8    the above address.  Ballots (and withdrawals/revocations) must be postmarked no later

9    than _____ __, 2012.  In addition, Ballots may be faxed to the Debtor's attorneys at

10   503-248-0130.  To be effective, transmission of the facsimile must begin no later than

11   5:00 P.M. Prevailing Pacific Time on _____ __, 2012.

12           5.      Confirmation Hearing and Plan Objection Deadline.

13           The Bankruptcy Court will hold a hearing on confirmation of the Plan

14   commencing on _____ __, 201_ at __:__ _.m. in the Bankruptcy Courtroom No. 1, 1001

15   SW 5th Ave #700, Portland, OR 97204.  All objections, if any, to the confirmation of the

16   Plan must be in writing; must state with specificity the grounds for any such objections;

17   and must be filed with the Bankruptcy Court on or before  _____ __, 201_:

18           6.      Feasibility.

19           The Bankruptcy Code requires, as a condition to confirmation, that the

20   Bankruptcy Court find that liquidation of the Debtor or the need for future reorganization

21   is not likely to follow after confirmation.  For the purpose of determining whether the

22   Plan meets this requirement, the Debtor has prepared financial projections attached

23   hereto as Exhibit 1 showing that the Reorganized Debtor will have the resources and

24   ability to pay those Claims that are due on confirmation of the Plan and all future

25   obligations as they come due.

26

**Page 16 of 20** – DISCLOSURE STATEMENT CONCERNING DEBTOR'S PLAN
OF REORGANIZATION DATED NOVEMBER 30, 2012

1       A.     <u>Best Interests Of Creditors</u>.

2       Under Section 1129(a)(7) of the Bankruptcy Code, the Plan must provide that

3 Creditors receive at least as much under the Plan as they would receive in a Chapter 7

4 liquidation of the Debtor. Under the Plan, all creditors are to be paid in full which is the

5 most they could receive under Chapter 7. Therefore, the Plan satisfies the "best

6 interest of creditors" test of Section 1129(a)(7) of the Bankruptcy Code.

7       B.     <u>Confirmation Over Dissenting Class</u>.

8       In the event that any impaired class of Claims does not accept the Plan, the

9 Bankruptcy Court may nevertheless confirm the Plan at the request of the Proponent if

10 all other requirements under Section 1129(a) of the Bankruptcy Code are satisfied, and

11 if, as to each impaired class which has not accepted the Plan, the Bankruptcy Court

12 determines that the Plan "does not discriminate unfairly" and is "fair and equitable" with

13 respect to such non-accepting class. Each of these requirements is discussed below.

14       1.     <u>No Unfair Discrimination</u>.

15       The Plan "does not discriminate unfairly" if: (a) the legal rights of a dissenting

16 class are treated in a manner that is consistent with the treatment of other classes

17 whose legal rights are similar to those of the dissenting class; and (b) no class receives

18 payments in excess of that which it is legally entitled to receive for its claims. The

19 Debtor believes the Plan does not discriminate unfairly as to any impaired class of

20 Claims.

21       2.     <u>Fair and Equitable Test</u>.

22       The Bankruptcy Code establishes different "fair and equitable" tests for secured

23 claims and unsecured claims, as follows:

24       (a)     Secured Creditors. To satisfy the "fair and equitable"

25 requirement as to a class of Secured Claims, the Plan must, at a minimum, provide that

26 (i) each impaired Secured Creditor retains its liens on the property securing its Claim,

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    and receive on account of its Secured Claim deferred cash payments totaling the

2    Allowed amount of its Secured Claim, of a value, as of the Effective Date of the Plan, of

3    at least the value of the Creditor's interest in the Estate's interest in the property

4    securing such Claim, (ii) each impaired secured creditor realizes the "indubitable

5    equivalent" of its Allowed Secured Claim, or (iii) the property securing the Claim is sold

6    free and clear of liens with such liens to attach to the proceeds, and the liens against

7    such proceeds are treated in accordance with clause (i) or (ii) of this subparagraph (a).

8    Secured Creditors are either (i) receiving Allowed Secured Claims equal to the value of

9    the creditor's interest in the Estate's interest in the property securing their Claims, plus

10   payments to commence following confirmation at a market interest rate to provide them

11   with deferred cash payments equal to the Allowed amount of their Secured Claims as of

12   the Effective Date of the Plan, or (ii) continuing to receive payments in the ordinary

13   course consistent with the Debtor's contractual payment obligations, or (iii) continuing to

14   receive payments in the ordinary course from third parties, with the Debtor remaining

15   liable for such payments in the event they are not received from such third parties.

16                (b)      Unsecured Creditors.   To satisfy the "fair and equitable"

17   requirement as to a class of unsecured Claims, the Plan must, at a minimum, provide

18   that (i) each impaired unsecured creditor receives or retains under the Plan property of

19   a value equal to the amount of its Allowed Claim, or (ii) the holders of Claims and

20   interests that are junior to the Claims of the non-accepting class do not receive any

21   property under the Plan on account of such Claims and interests, except the Debtor

22   may retain property included in the Estate under Section 1115 of the Bankruptcy Code

23   as long as the value of property to be distributed under the Plan is not less than the

24   projected disposable income of the Debtor to be received within the 5-year period

25   beginning on the date the first payment is due under the Plan, or during the period for

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1   which the Plan provides payments, whichever is longer.  This is referred to as the
2   "Absolute Priority Rule".

3          In this case, each impaired unsecured creditor will receive or retain under the
4   Plan property of a value equal to the amount of its Allowed Claim.  Thus, the Debtor
5   believes the Plan complies with the fair and equitable requirement for Unsecured
6   Creditors.

7   VII.    <u>ALTERNATIVES TO THE PLAN</u>.

8          If the Plan is not confirmed, several different events could occur.  Among the
9   alternatives to the Plan are: (1) the Debtor could propose another plan providing for
10  different treatment of Claims; (2) a creditor or other interested party could propose a
11  competing plan; (3) the Debtor could convert the Case to Chapter 7; or (4) the
12  Bankruptcy Court (after appropriate notice and hearing) could dismiss the Case if no
13  party is able to confirm a plan in a reasonable period of time.

14  VIII.   <u>CONCLUSION</u>.

15         Under the Plan, all creditors will be paid in full, and the Debtor will retain the Real
16  Property.  Other than Hampton Heights, L.L.C., all parties will be paid in full within 24
17  months of the Effective Date.  If the Plan is not confirmed, substantial uncertainty will
18  result concerning the timing and amount of any payments.  The Debtor therefore
19  believes that all creditors should vote to accept the Plan as it provides the best option
20  for creditors to prompt payment in full of their Claims.

21         Dated:  November 30, 2012

22                          {SIGNATURES TO FOLLOW}

23

24

25

26

**Page 19 of 20** – DISCLOSURE STATEMENT CONCERNING DEBTOR'S PLAN
OF REORGANIZATION DATED NOVEMBER 30, 2012

1    DEBTOR:

2    */s/ Paul Joe*

3    Paul Joe

4
     SUSSMAN SHANK LLP
5
     */s/ Timothy A. Solomon*
6
     By: Thomas W. Stilley, OSB No. 883167
7        Timothy A. Solomon, OSB No. 072573
         Attorneys for Paul Joe
8

9    F:\WDOCS\CLNTFLS\21964\002\PLEADING\00015598.DOC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 20 of 20** – DISCLOSURE STATEMENT CONCERNING DEBTOR'S PLAN
OF REORGANIZATION DATED NOVEMBER 30, 2012

**Feasibility analysis**

| | Month 1 | Months 2-9 | Months 9-38 | Months 39-60 | Months 61-120 |
|---|---|---|---|---|---|
| **Income (from rent)** | $ 11,375.00 | $ 11,375.00 | $ 11,375.00 | $ 11,375.00 | $ 11,375.00 |
| Estimated cash on hand on effective date (approximate) | $ 40,000.00 | | | | |

**Payments/expenses**

| | Month 1 | Months 2-9 | Months 9-38 | Months 39-60 | Months 61-120 |
|---|---|---|---|---|---|
| Living expenses | $ (2,000.00) | $ (2,000.00) | $ (2,000.00) | $ (2,000.00) | $ (2,000.00) |
| Administrative claims* | $ (40,000.00) | $ (1,250.00) | $ - | $ - | $ - |
| Non-tax priority claims (CLASS 1) | $ (735.00) | $ - | $ - | $ - | $ - |
| Restructured note payments (CLASS 2)** | $ (6,098.38) | $ (6,098.38) | $ (6,098.38) | $ (6,098.38) | $ (6,098.38) |
| Payments to general unsecured creditors (CLASS 3)*** | $ (907.34) | $ (907.34) | $ (907.34) | $ (907.34) | $ - |
| Car payments (CLASS 6) | $ (169.02) | $ (169.02) | $ (169.02) | $ - | $ - |
| **Amount remaining****** | $ 1,465.26 | $ 950.26 | $ 2,200.26 | $ 2,369.28 | $ 3,276.62 |

**Notes:**

*Lump sum at effectiveness plus monthly payments thereafter

**$1,203,583.31, 30 years, plus 4.5% interest, 10 year balloon

***$49,876.73, 60 months, plus 3.5% interest

****Remaining amount to be used for early payment of claims and/or income tax obligations

Exhibit 1
Page 1 of 1

Case 12-36345-elp11    Doc 56    Filed 11/30/12

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I, Janine E. Hume declare as follows: |
| 3 | I am employed in the county of Multnomah, state of Oregon; I am over the age of |
| 4 | eighteen years and am not a party to this action; my business address is 1000 SW |
| 5 | Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state. |
| 6 | I certify that on November 30, 2012, I served the **DISCLOSURE STATEMENT** |
| 7 | **CONCERNING DEBTOR'S PLAN OF REORGANIZATION (Dated November 30,** |
| 8 | **2012)** on all ECF participants as indicated on the Court's Cm/ECF system. |
| 9 | I swear under penalty of perjury that the foregoing is true and correct to the best |
| 10 | of my knowledge, information, and belief. |
| 11 | Dated: November 30, 2012. |
| 12 | |
| 13 | /s/ Janine E. Hume |
| 14 | _____ |
| | Janine E. Hume, Legal Assistant |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

CERTIFICATE OF SERVICE - Page 1