1

2      Below is an Order of the Court.

3

4

5

6

7                                                         _RANDALL L. DUNN_
                                                          RANDALL L. DUNN
8                                                         U.S. Bankruptcy Judge

9

10              IN THE UNITED STATES BANKRUPTCY COURT

11                        DISTRICT OF OREGON

12   In re:                              )   Case No. 12-36345-elp11
                                         )
13      Joe, Paul,                       )   ORDER AUTHORIZING CONTINUED
                                         )   USE OF CASH COLLATERAL AND
14                                       )   GRANTING ADEQUATE PROTECTION
            Debtor.                      )
15                                       )
                                         )
16   _____)

17
         This matter having come before the Court on January 30, 2013 upon the motion
18
   (the "Motion") of Paul Joe, the debtor in possession (the "DIP"), for order authorizing
19
   final use of cash collateral ("Cash Collateral"), due and adequate notice under the
20
   circumstances having been given, and the Court having heard the representations and
21
   argument of counsel, and being fully advised of the premises thereof,
22
         **NOW THEREFORE, THE COURT FINDS AS FOLLOWS:**
23
         A.     Commencement of Case.  On August 17, 2012 (the "Petition Date"), the
24
   DIP filed a voluntary petition for relief with this Court, commencing a case (the
25
   "Chapter 11 Case") under Chapter 11 of Title 11 of the United States Code (the
26

Page 1 of 5 –   ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION

1    "Bankruptcy Code"). Since the Petition Date, the DIP has continued to manage and

2    operate his property and business as debtor in possession pursuant to Sections 1107

3    and 1108 of the Bankruptcy Code.

4          B.     Jurisdiction and Venue. This Court has jurisdiction over this proceeding

5    and the parties and properties affected hereby pursuant to 28 USC §§ 157(b) and 1334

6    and this is a core proceeding pursuant to 28 USC § 157(b)(2). Venue for proceeding on

7    this Stipulated Order is proper in this Court pursuant to 28 USC § 1409.

8          C.     No Creditors' Committee. To date, the United States Trustee has not

9    appointed a committee pursuant to Section 1102(a) of the Bankruptcy Code.

10         D.     Prepetition Indebtedness and Security Therefore. The DIP's secured

11   lender is Lender. As of the Petition Date, the amount owed to Lender was

12   approximately $1.2 million. Lender asserts that its claim against the DIP is secured by a

13   valid, enforceable, and properly perfected security interest in the DIP's real property,

14   and in the rents generated by that property (the "Rents").

15         E.     Necessity of Use of Cash Collateral. The DIP is currently unemployed so

16   that the DIP's sole source of income is the Rents, and the DIP asserts that it is

17   necessary for the DIP to use Cash Collateral to meet his basic living expenses, to

18   preserve and maintain the assets of the bankruptcy estate, and to pay certain

19   administrative expenses. Without use of such Cash Collateral, the DIP asserts that he

20   will lack sufficient funds to live and to propose and confirm a plan of reorganization in

21   this case. Use of Cash Collateral is necessary to avoid immediate and irreparable harm

22   to the estate.

23         F.     Cause. Entry of this Order will minimize disruption of the DIP's life,

24   preserve the value of the DIP's assets, and is in the best interests of the DIP, his

25   creditors, and his estate.

26         G.     Notice. Notice of this Order has been given to (a) the Office of the United

Page 2 of 5 – ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION

1   States Trustee, (b) the Lender, (c) all creditors of the DIP, and (d) all parties requesting

2   special notice pursuant to Bankruptcy Rule 2002.  Sufficient and adequate notice of the

3   hearing and the relief requested has been given pursuant to all applicable provisions of

4   the Bankruptcy Code and the Bankruptcy Rules, including, without limitation,

5   Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001.

6          H.     Interim Use of Cash Collateral.  On October 17, 2012, the Court entered

7   an interim Stipulated Order Authorizing Use of Cash Collateral and Granting Adequate

8   Protection (Docket #34) (the "Interim Order").   On November 27, 2012, the Court

9   entered a second Stipulated Order Authorizing Use of Cash Collateral and Granting

10  Adequate Protection (Docket #53) (the "Second Interim Order").   Pursuant to the

11  Second Interim Order, DIP is authorized to use Cash Collateral through January 31,

12  2013.

13         **NOW THEREFORE**, the Court being fully advised in the premises, it is hereby

14  ORDERED as follows:

15         1.     The DIP is authorized to use Cash Collateral in accordance with the terms

16
17  of this Order to pay costs and expenses incurred by the DIP in the ordinary course, until

18  February 28, 2013, pursuant to the Budget attached hereto as Exhibit A.

19         2.     The DIP's authority to spend Cash Collateral is limited to the sum of

20  $2,600 per month.  All excess Cash Collateral shall be deposited into the DIP bank

21  account and held pending further Order of this Court.

22         3.     As adequate protection for any Cash Collateral used by the DIP, the

23
24  Lender is hereby granted, pursuant to Sections 361(1) and 363(e) of the Bankruptcy

25  Code, a perfected lien or liens (the "Replacement Liens") in the postpetition Rents,

26  receipts, and other income generated from operation of the DIP's real property in which

Page 3 of 5 – ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION

the Lender holds pre-petition liens and security interests, with the same priority as existed in such prepetition liens and security interests as of the Petition Date. These security interests are granted to the Lender for the sole purpose of providing adequate protection to the Lender to protect its allowed secured claim on the Petition Date and are not intended, nor shall they be deemed, to improve the collateral position of the Lender as of the Petition Date.

4.     The Replacement Liens granted by this Order shall be deemed perfected and enforceable by operation of law upon execution and entry of this Order by the Court without regard to whether such security interests and liens are perfected under applicable non-Bankruptcy law.

5.     Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including the DIP) to contest the validity, priority, or extent of the liens or security interests of any party in any prepetition collateral or the proceeds thereof; (b) convert any prepetition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization; (d) alter, improve, limit, or impair the rights, if any, of parties claiming to have rights of reclamation or statutory lien rights against the DIP or his assets; or (e) enhance the secured position of any creditor as of the Petition Date.

6.     The DIP's authority to use cash collateral may be extended beyond February 28, 2013 by further order of the Court or by mutual agreement of the DIP and the Lender. In the event of such agreement, the DIP may submit a further order allowing the use of Cash Collateral on substantially similar terms without an additional motion or hearing, provided the terms of any future proposed order are first served on

Page 4 of 5 – ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

1  the United States Trustee, the top twenty Unsecured Creditors (or the Unsecured

2  Creditor's Committee if one is appointed), and anyone requesting special notice, within

3
   three business days prior to its submission to the court with an opportunity to object and
4
   request a hearing.
5
           7.      This Order, and each of its terms, shall be effective immediately upon
6
7  entry by the Court and the automatic stay of judgment provisions of Bankruptcy Rule

8  8017(a) shall not apply.

9

10                                          # # #

11

12  PRESENTED BY:

13
    SUSSMAN SHANK LLP
14
    */s/ Timothy A. Solomon*
15
    _____
16  Thomas W. Stilley, OSB No. 883167
    Timothy A. Solomon, OSB No. 072573
17  Attorneys for the DIP

18  AGREED AS TO FORM ONLY:

19  FOLAWN ALTERMAN & RICHARDSON LLP

20  */s/ Karen M.T. Nashiwa*

21  _____
    Karen M.T. Nashiwa, OSB No. 091374
22  Attorneys for the Lender

23  c:     ECF Participants
           Interested Parties
24

25

26

    Page 5 of 5 –  ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL
    AND GRANTING ADEQUATE PROTECTION

**CASH COLLATERAL BUDGET -- FEBRUARY 2013**

|  | **FEB 2013** |
|---|---|
| **RENT PAYMENT** | $10,100.00 |
| **EXPENSES** | |
| **Living Expenses** | $ (2,600.00) |
| **Trustee Fees** | $ - |
| **Remaining cash to be deposited in DIP account** | $ 7,500.00 |