Below is an Order of the Court.

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 12-36345-elp11 |
| Joe, Paul, | ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION |
| Debtor. | |

This matter having come before the Court on February 20, 2013 upon the motion (the "Motion") of Paul Joe, the debtor in possession (the "DIP"), for order authorizing final use of cash collateral ("Cash Collateral"), due and adequate notice under the circumstances having been given, and the Court having heard the representations and argument of counsel, and being fully advised of the premises thereof,

**NOW THEREFORE, THE COURT FINDS AS FOLLOWS:**

A. <u>Commencement of Case</u>. On August 17, 2012 (the "Petition Date"), the DIP filed a voluntary petition for relief with this Court, commencing a case (the "Chapter 11 Case") under Chapter 11 of Title 11 of the United States Code (the

Page 1 of 5 – ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

"Bankruptcy Code"). Since the Petition Date, the DIP has continued to manage and operate his property and business as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this proceeding and the parties and properties affected hereby pursuant to 28 USC §§ 157(b) and 1334 and this is a core proceeding pursuant to 28 USC § 157(b)(2). Venue for proceeding on this Stipulated Order is proper in this Court pursuant to 28 USC § 1409.

C. <u>No Creditors' Committee</u>. To date, the United States Trustee has not appointed a committee pursuant to Section 1102(a) of the Bankruptcy Code.

D. <u>Prepetition Indebtedness and Security Therefore</u>. The DIP's secured lender is Hampton Heights, L.L.C. ("Lender"). As of the Petition Date, the amount owed to Lender was approximately $1.2 million. Lender asserts that its claim against the DIP is secured by a valid, enforceable, and properly perfected security interest in the DIP's real property, and in the rents generated by that property (the "Rents").

E. <u>Necessity of Use of Cash Collateral</u>. The DIP is currently unemployed so that the DIP's sole source of income is the Rents, and the DIP asserts that it is necessary for the DIP to use Cash Collateral to meet his basic living expenses, to preserve and maintain the assets of the bankruptcy estate, and to pay certain administrative expenses. Without use of such Cash Collateral, the DIP asserts that he will lack sufficient funds to live and to propose and confirm a plan of reorganization in this case. Use of Cash Collateral is necessary to avoid immediate and irreparable harm to the estate.

F. <u>Cause</u>. Entry of this Order will minimize disruption of the DIP's life, preserve the value of the DIP's assets, and is in the best interests of the DIP, his creditors, and his estate.

G. <u>Notice</u>. Notice of this Order has been given to (a) the Office of the United

Page 2 of 5 – ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 96    Filed 03/11/13

States Trustee, (b) the Lender, (c) all creditors of the DIP, and (d) all parties requesting special notice pursuant to Bankruptcy Rule 2002. Sufficient and adequate notice of the hearing and the relief requested has been given pursuant to all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001.

H. <u>Interim Use of Cash Collateral</u>. On October 17, 2012, the Court entered an interim Stipulated Order Authorizing Use of Cash Collateral and Granting Adequate Protection (Docket #34) (the "Interim Order"). On November 27, 2012, the Court entered a second Stipulated Order Authorizing Use of Cash Collateral and Granting Adequate Protection (Docket #53) (the "Second Interim Order"). On February 8, 2013, the Court entered a third Order Authorizing Continued Use of Cash Collateral and Granting Adequate Protection (Docket #81) (the "Third Interim Order"). Pursuant to the Third Interim Order, DIP is authorized to use Cash Collateral through May 31, 2013.

**NOW THEREFORE**, the Court being fully advised in the premises, it is hereby ORDERED:

1. The DIP is authorized to use Cash Collateral in accordance with the terms of this Order to pay costs and expenses incurred by the DIP in the ordinary course, until May 31, 2013, pursuant to the Budget attached hereto as Exhibit A.

2. The DIP's authority to spend Cash Collateral is limited to the sum of $2,600 per month. All excess Cash Collateral shall be deposited into the DIP bank account and held pending further order of this Court.

3. As adequate protection for any Cash Collateral used by the DIP, the Lender is hereby granted, pursuant to Sections 361(1) and 363(e) of the Bankruptcy Code, a perfected lien or liens (the "Replacement Liens") in the postpetition Rents,

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 96    Filed 03/11/13

receipts, and other income generated from operation of the DIP's real property in which the Lender holds pre-petition liens and security interests, with the same priority as existed in such prepetition liens and security interests as of the Petition Date. These security interests are granted to the Lender for the sole purpose of providing adequate protection to the Lender to protect its allowed secured claim on the Petition Date and are not intended, nor shall they be deemed, to improve the collateral position of the Lender as of the Petition Date.

4. The Replacement Liens granted by this Order shall be deemed perfected and enforceable by operation of law upon execution and entry of this Order by the Court without regard to whether such security interests and liens are perfected under applicable non-Bankruptcy law.

5. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including the DIP) to contest the validity, priority, or extent of the liens or security interests of any party in any prepetition collateral or the proceeds thereof; (b) convert any prepetition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization; (d) alter, improve, limit, or impair the rights, if any, of parties claiming to have rights of reclamation or statutory lien rights against the DIP or his assets; or (e) enhance the secured position of any creditor as of the Petition Date.

6. The DIP's authority to use cash collateral may be extended beyond May 31, 2013 by further order of the Court or by mutual agreement of the DIP and the Lender. In the event of such agreement, the DIP may submit a further order allowing the use of Cash Collateral on substantially similar terms without an additional motion or

Page 4 of 5 – ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

hearing, provided the terms of any future proposed order are first served on the United States Trustee, the top twenty Unsecured Creditors (or the Unsecured Creditor's Committee if one is appointed), and anyone requesting special notice, within three business days prior to its submission to the court with an opportunity to object and request a hearing.

7. This Order, and each of its terms, shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of Bankruptcy Rule 8017(a) shall not apply.

# # #

CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

SUSSMAN SHANK LLP

*/s/ Timothy A. Solomon*

Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
Attorneys for the DIP

AGREED AS TO FORM ONLY:

FOLAWN ALTERMAN & RICHARDSON LLP

*/s/ Karen M.T. Nashiwa*

Karen M.T. Nashiwa, OSB No. 091374
Attorneys for the Lender

c:  ECF Participants
    Interested Parties

21964-002\FOURTH INTERIM CASH COLLATERAL ORDER (01536192);1

Page 5 of 5 – ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

**CASH COLLATERAL BUDGET -- FEBRUARY 2013**

|  | MARCH 2013 | APRIL 2013 | MAy 2013 |
|---|---|---|---|
| **RENT PAYMENT** | $ 10,100.00 | $ 11,375.00 | $ 11,375.00 |
| **EXPENSES** | | | |
| Living Expenses | $ (2,600.00) | $ (2,600.00) | $ (2,600.00) |
| Trustee Fees | $ - | $ - | $ - |
| **Remaining cash to be deposited in DIP account** | $ 7,500.00 | $ 8,775.00 | $ 8,775.00 |

Exhibit A
Page 1 of 1

ODR Bkcy
955 Center St NE
Salem, OR 97301-2555