Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: tstilley@sussmanshank.com
        tsolomon@sussmanshank.com

Attorneys for Paul Joe, Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Joe, Paul,<br><br>           Debtor. | Case No. 12-36345-elp11<br><br>DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013 |

Paul Joe, the Debtor-in-Possession ("DIP"), submits this *Memorandum in Support of Confirmation of Debtor's First Plan of Reorganization Dated February 13, 2013* (Docket #85) (the "Plan").

**<u>BACKGROUND</u>**

1. DIP commenced this chapter 11 case on August 17, 2012 (the "Petition Date").

2. DIP filed his Plan and his *First Amended Disclosure Statement* (Docket #86) (the "Disclosure Statement") on February 11, 2013.

Page 1 of 16 - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

3. This Court's *Amended Order Approving Disclosure Statement and Fixing Time for Acceptances or Rejection of Plan, and Notice of Confirmation Hearing* (Docket #95) ("Order and Notice") was entered on March 6, 2013.

4. The Plan, the Disclosure Statement, the Order and Notice, and ballots were served on all required parties on March 13, 2013. See *Certificate of Service,* filed on March 13, 2013 (Docket #99).

5. April 11, 2013 was the deadline to return any and all ballots accepting or rejecting the Plan. *See* Order and Notice at ¶ 2.

6. April 11, 2013 was the deadline for filing objections to the Plan. *See id.* at ¶ 3.

7. The Plan impairs four classes: Class 2 (Hampton Heights, L.L.C.), Class 3 (General Unsecured Creditors), Class 4 (Property Tax Secured Claims) and Class 5 (City of St. Helens Secured Claims).

8. Among these impaired classes, Class 3 (General Unsecured Creditors) and Class 5 (City of St. Helens Secured Claims) voted in favor of the Plan. Class 2 (Hampton Heights, L.L.C.) and Class 4 (Property Tax Secured Claims) voted against. *See* Debtors' Ballot Summary (Docket #104).

**RESOLUTION OF ISSUES WITH HAMPTON HEIGHTS, L.L.C.**

7. DIP's prepetition lender is Hampton Heights, L.L.C. ("Hampton Heights" or the "Lender").

8. Hampton Heights filed an objection to the Plan (Docket #102) (the "Lender Objection").

9. After the Lender Objection was filed, DIP and Hampton Heights engaged in discussions which have led to an agreement concerning Hampton Heights's revised

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

treatment pursuant to a second amended version of the Plan, which will be filed with the Court before the scheduled April 18, 2013 confirmation hearing.

10. Specifically, the parties have agreed that Hampton Heights's Class 2 claim will receive the following treatment:[1]

- The Reorganized Debtor will, on the Effective Date or as soon thereafter as is practicable, execute and deliver to Hampton Heights a promissory note in the original principal amount of $1,238,583.31 (the "Reorganization Note"), payable on the terms set forth below and secured by a lien and security interest in all real and personal property that secured DIP's prepetition note to Hampton Heights, with the same priority Hampton Heights's liens and security interests had as of the Petition Date.
- The Reorganization Note will have a term of three years.
- The Reorganization Note will accrue interest at the rate of 7.0% per annum for the first two years and 10.0% per annum during the third year.
- The Reorganized Debtor will pay monthly interest only on the principal amount of the Reorganized Note, at a rate of 7.0% per annum, throughout the entire period.
- The Reorganized Debtor will make a balloon payment of all remaining principal and interest due within 3 years or less of the date of the Reorganization Note.
- The first monthly payment will be due on the first day of the second calendar month following the Effective Date, with subsequent monthly payments on the first day of each calendar month thereafter, with the

---

[1] Following is a summary of the basic terms of the parties' agreement. The parties are in the process of preparing documents to formalize the agreement.

**Page 3 of 16** - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

1  balloon payment due on or before the third anniversary of the due date for
2  the first monthly installment payment.

3  - If the Reorganized Debtor does not pay Hampton Heights all remaining
4    principal and interest due within 3 years or less of the date of the
5    Reorganization Note, Hampton Heights will be allowed to foreclose on the
6    real property that is the collateral of the Reorganization Note.

7  - If the Reorganized Debtor defaults on its obligations to the City of St.
8    Helens, its property tax obligations, or its insurance obligations, and does
9    not cure any such default within 30 days, Hampton Heights will be allowed
10   to foreclose on the real property that is the collateral of the Reorganization
11   Note.

12 - In the event the Reorganized Debtor desires to transfer title to some or all
13   of the real property that is the collateral of the Reorganization Note, the
14   Reorganized Debtor shall first obtain the consent of Hampton Heights,
15   which consent shall not unreasonably be withheld; <u>provided</u>, <u>however</u>, that
16   any such transfer shall be subject to Hampton Heights's rights under the
17   Plan, including but not limited to its rights (i) to monthly interest-only
18   payments at 7.0% per annum, (ii) to payment in full of all remaining
19   principal and interest due within 3 years or less of the date of the
20   Reorganization Note, and (iii) to foreclose in the event it has not received
21   any payment when due.

22     11.  On the basis of and subject to the revised treatment of Hampton Heights's
23 claim set forth above, Hampton Heights no longer objects to confirmation of the Plan.

**Page 4 of 16** - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

**THE PLAN SHOULD BE CONFIRMED**

**A.     Acceptance of the Plan under § 1126.**

The Plan has both impaired and unimpaired Classes. Classes 1, 6, and 7 are unimpaired. Class 2 (Hampton Heights, L.L.C.), Class 3 (General Unsecured Creditors), Class 4 (Property Tax Secured Claims) and Class 5 (City of St. Helens Secured Claims) are impaired.

**B.     Plan Confirmation Under § 1129(a).**

To confirm a Plan of Reorganization, DIP must establish by a preponderance of the evidence that all applicable requirements of 11 USC § 1129(a) have been met. *In re Arnold & Baker Farms*, 177 BR 648, 654 (BAP 9th Cir 1994) ("We find the preponderance of the evidence to be the correct burden of proof in the context of plan confirmation."). Each element of Section 1129(a) is addressed below.

**1.     11 USC § 1129(a)(1).**

Section 1129 (a)(1) requires the Plan to comply with the applicable provisions of title 11. This requirement is generally interpreted to mean that the plan must comply with the classification and other requirements of 11 USC §§ 1122 and 1123.

a. **11 USC §§ 1122, 1123(a)(1).** Section 1122 provides that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 USC § 1122(a). Section 1123(a)(1) requires that a plan designate classes of claims and interests other than claims of a kind specified in § 507(a)(1) (administrative expense claims), § 507(a)(2) (claims arising during the "gap period" in an involuntary case), and § 507(a)(8) (priority tax claims). *See* 11 USC § 1123(a)(1). Because the Plan places claims and interests in a particular class based on their similarity to other claims or interests in that class, the Plan complies with § 1122.

Page **5 of 16** - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

**1**       b. **11 USC § 1123.** Section 1123(a) sets forth certain requirements for the contents of a Chapter 11 plan. As explained below, the Plan fully complies with these requirements and, therefore, satisfies section 1123(a).

      i. Section 1123(a)(2)

Section 1123(a)(2) requires that a plan "specify any class of claims or interests that is not impaired under the plan." Classes 1 (Non-Tax Priority Claims), 6 (One Main Financial Secured Claim), and 7 (Payroll Tax Secured Claim) are all unimpaired under the Plan. DIP is not in default to the claimants in such classes, the claimants all retain their pre-petition legal rights and will be paid when due or when the property securing such claim is sold. The Plan therefore satisfies this requirement.

      ii. Section 1123(a)(3)

Section 1123(a)(3) requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan." 11 USC § 1123(a)(3). The Plan complies with this requirement by expressly indicating that Classes 2, 3, 4, and 5 are impaired and providing for the treatment of each such Class.

      iii. Section 1123(a)(4).

Section 1123(a)(4) requires that a plan "provide the same treatment for each claim or interests of a particular class." 11 USC § 1123(a)(4). Class 3 is the only class with multiple members, and the proposed treatment of each creditor within the Class is uniform. The Plan therefore complies with this requirement.

      iv. Section 1123(a)(5).

Section 1123(a)(5) requires that the Plan "provide adequate means for the plan's implementation" and provides a non-exhaustive list of such means, including the debtor's retention of all or any part of the property of the estate, sale of all or any part of

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

the property of the estate, and extension of a maturity date or a change in an interest rate. *See* 11 USC § 1123(a)(5)(A), (D), & (H).

Section 5 of the Plan describes the means of implementation, including the receipt of substantial rent from Bing's Restaurant, which will be used to fund payments due under the Plan. As discussed further below, the Plan also provides for the modification of the loan to the Debtor from Hampton Heights. *See* Plan § 4.2. The Plan complies with the requirements of Section 1123(a)(5).

    v. <u>Section 1123(a)(6).</u>

This section does not apply because DIP is an individual.

    vi. <u>Section 1123(a)(7).</u>

This section does not apply because DIP is an individual.

    vii. <u>Section 1123(a)(8)</u>

Section 1123(a)(8) requires that if the debtor is an individual, the debtor must "provide for the payment to creditors under the plan of all or such portion of earnings from personal services performed by the debtor after the commencement of the case or other future income of the debtor as necessary for the execution of the plan." 11 USC § 1123(a)(8). In this case, the Plan provides that DIP's future income, in the form of the rents, will be used to the extent necessary for the execution of the Plan. The Plan therefore satisfies this requirement.

As shown by the foregoing analysis, the Plan satisfies the mandatory requirements of § 1129(a)(1).

**2.    11 USC § 1129(a)(2).**

Section 1129(a)(2) requires the proponent of a plan comply with all of the applicable provisions of the Bankruptcy Code. The record in this case reflects that DIP complied with all of its duties under Title 11 in all material respects. DIP:

Page **7 of 16** - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

- Complied with the operating guidelines and financial reporting requirements enacted by the United States Trustee by (i) filing all operating reports and financial statements and (ii) maintaining and providing proof of insurance.
- Paid all statutory fees required to be paid during the case.
- Filed schedules and a statement of financial affairs.
- Complied with the provisions of the Bankruptcy Code, Bankruptcy Rules, applicable non-bankruptcy law, Local Bankruptcy Rules, and specific rulings of the Bankruptcy Court throughout this case.

The solicitation of votes was made following approval and dissemination of the Disclosure Statement and was in good faith and in compliance with the Bankruptcy Code and Rules. DIP fulfilled all of the obligations and duties owed to his constituencies as required by and set forth in Sections 1103 and 1107. Therefore, the Plan satisfies the requirements of 11 USC § 1129(a)(2).

**3.     11 USC § 1129(a)(3).**

Section 1129(a)(3) requires that a plan of reorganization be "proposed in good faith and not by any means forbidden by law." The term "good faith" is not defined in the Bankruptcy Code, but the Ninth Circuit has held that "[a] plan is proposed in good faith where it achieves a result consistent with the objectives and purposes of the Code." *Platinum Capital, Inc. v. Sylmar Plaza, L.P.* (*In re Sylmer Plaza, L.P.*), 314 F. 3d 1070, 1074 (9th Cir. 2002) (internal citations omitted). This determination is based on the totality of the circumstances. *Id.*

In the Lender Objection, Hampton Heights asserts that the Plan was not proposed in good faith. *See* Lender Objection at § C. However, there is ample evidence the DIP proposed the Plan in good faith. Among other things,

- The Plan provides for payment in full to all creditors.

Page 8 of 16 - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

- DIP had many unsecured creditors, and a legitimate need to restructure his debts.
- Although the main impetus for filing this case was the foreclosure action commenced by the Lender, few of the other *Primestone Investment Partners* criteria cited in the Lender Objection are present. (*See* Lender Objection at p. 5.) For example, DIP (a) has an ongoing business (as a landlord), (b) has cash and income, (c) has not filed a previous bankruptcy petition, (d) has been accused of no improper prepetition (or postpetition) conduct, (e) can and will reorganize successfully, (f) was not formed prepetition, (g) has not been accused of having any improper subjective intent, and (h) this is not a two-party dispute – DIP also had outstanding issues (all of which have been resolved in the context of this case) with the City of St. Helens (which has voted in favor of the Plan in two separate classes) and other parties.
- The goals of the Plan are consistent with the Bankruptcy Code.

The Court should therefore find that the Plan is proposed in good faith and not by any means forbidden by law.

**4.    11 USC § 1129(a)(4).**

Section 1129(a)(4) requires that payment "…for services or costs and expenses in or in connection with the case, or in connection with the plan and incident to the case," have either been approved or are subject to approval by the Court. No payments made by DIP that fall within the scope of Section 1129(a)(4) have been, and none will be, made without Court approval. Under the Plan, DIP will pay U.S. Trustee fees and expenses of this Court. Professionals with unpaid administrative claims will need to file applications for allowance. This requirement is therefore satisfied.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

**5.   11 USC § 1129(a)(5).**

Section 1129(a)(5) requires (a) the disclosure of the identity and affiliations of any individual proposed to serve post-confirmation as a successor to the debtor under the plan; (b) that such appointment be consistent with the interests of creditors, equity security holders, and with public policy; and (c) disclosure of the nature of the compensation to be provided to any insiders to be employed or retained post-confirmation.

As an individual, DIP will not have any post-confirmation successors. No insiders will be employed or retained by the reorganized debtor. This requirement has therefore been satisfied.

**6.   11 USC § 1129(a)(6).**

DIP is not subject to any governmental regulation regarding rate changes; thus, Section 1129(a)(6) is not applicable to confirmation of the Plan.

**7.   11 USC § 1129(a)(7).**

Section 1129(a)(7) requires that either all impaired classes accept the plan or that the non-accepting holders of impaired claims receive at least as much under the plan as they would receive if the Debtors were liquidated under Chapter 7.

The Plan is a 100% plan, with all creditors, including those whose claims are impaired under the Plan, receiving 100% of their claims, plus interest. Therefore, this requirement is satisfied.

**8.   11 USC § 1129(a)(8).**

Section 1129(a)(8) requires that each class of claims has either (i) accepted the Plan, or (ii) such class is not impaired under the Plan. Although Classes 2 and 4 have rejected the Plan, it may still be confirmed under 11 USC § 1129(b), as explained below.

Page 10 of 16 - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

### 9. 11 USC § 1129(a)(9).

Section 1129(a)(9) requires, in material part, that the Plan pay all administrative claims under 11 USC § 507(a)(1), in cash, as of the effective date of the Plan, and that priority claims specified under §§ 507(a)(3) through (a)(8) either receive cash on the effective date or deferred cash payments equal to the allowed amount of the claims, depending on whether the class has accepted the plan.

Sections 2.1 of the Plan provides for payment in full of administrative claims on or as soon as practicable after the Effective Date (unless otherwise agreed to by an administrative claimant). DIP has accumulated sufficient cash to pay all anticipated allowed administrative claims when due. No claims exist under Sections 507(a)(3) through (a)(7).

With respect to claims entitled to priority under Section 507(a)(8), Section 1129(a)(9) requires that a holder of such claim receive payments in cash, (i) of a total value as of the effective date equal to the amount of the claim, (ii) over a period ending not later than 5 years after the date of the order for relief under Section 301, 302, or 303; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan. 11 USC § 1129(a)(9)(C).

The property tax claim asserted by Columbia County is entitled to priority under Section 507(a)(8). The Plan provides for payment of the Columbia County claim in full, in 24 equal monthly installments, plus interest at the applicable statutory rate. *See* Plan § 4.4. Thus, Columbia County will receive payments (i) of a total value as of the effective date equal to the amount of the claim (because interest is included), (ii) not less than 5 years from the Petition Date, and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (general unsecured claims will be paid in 60 months; Columbia County will be paid in 24 months or less).

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

The Plan, therefore, satisfies the requirements of Section 1129(a)(9).

**10. 11 USC § 1129(a)(10).**

Section 1129(a)(10) provides that if a class of claims is impaired under the plan, at least one class of impaired claims must have accepted the plan, exclusive of insider votes. A class of claims has accepted the plan if at least two-thirds in amount and more than half in number of the allowed claims of such class have accepted the plan. *See* 11 USC § 1126(c). Only the "holder of a claim or interest allowed under section 502 of this title may accept or reject the plan." 11 USC § 1126(a).

Classes 3 and 5 are impaired classes that have accepted the Plan. DIP's Summary of Ballots shows that (i) 100% of the voting Class 3 creditors, representing 100% of the amount of the Class 3 claims casting votes, voted in favor of confirming the Plan and (ii) the City of St. Helens, representing 100% of the creditors and claims in Class 5, voted in favor of confirming the Plan. The Plan therefore satisfies this requirement.

**11. 11 USC § 1129(a)(11).**

The "feasibility" requirement of § 1129(a)(11) requires that confirmation of a plan is not likely to be followed by liquidation or a need for further reorganization of the Debtors, unless liquidation is proposed under the plan. "The key element of feasibility is whether there exists a reasonable probability that the provisions of the plan of reorganization can be performed." *In re Sagewood Manor Assocs. Ltd. P'ship*, 223 BR 756, 762 (Bankr D Nev 1998).

The plan is feasible. As shown in the Feasibility Analysis, Exhibit 1 to the Disclosure Statement, the monthly rents from Bing's Restaurant are sufficient to fund DIP's required plan payments. In addition, all secured creditors are oversecured, in the

Page **12 of 16** - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

**1** event the required payments are not made. The Plan therefore satisfies the feasibility

**2** requirement.

**3** **12.   11 USC § 1129(a)(12).**

**4** Section 1129(a)(12) requires that a Chapter 11 plan provide that all fees payable

**5** under 28 USC § 1930 (consisting primarily of the quarterly fee owing to the United

**6** States Trustee) be paid on or before the plan's effective date. *See* 11 USC

**7** § 1129 (a)(12). Because Section 9.18 of the Plan provides for payment in full of such

**8** statutory fees on the date due, this requirement is satisfied.

**9** **13.   11 USC § 1129(a)(13).**

**10** DIP does not provide retiree benefits, making § 1113(a)(13) inapplicable.

**11** **14.   11 USC § 1129(a)(14).**

**12** Section 1129(a)(14) concerns domestic support obligations. DIP scheduled a

**13** domestic support obligation in the amount of $735, and the Oregon Department of

**14** Justice later filed a proof of claim relating to this obligation. *See* Claims Register #5-1.

**15** However, this claim was later amended to reflect a balance of $0 owing as of the

**16** Petition Date. *See* Claims Register #5-2. Therefore § 1129(a)(14) is inapplicable. Had

**17** it been applicable, the Plan still would satisfy it because it provides for payment in full of

**18** all non-tax priority claims. *See* Plan § 4.1.

**19** **15.   11 USC § 1129(a)(15)**

**20** Section 1129(a)(15) provides certain special obligations for individual debtors in

**21** cases in which the holder of an allowed unsecured claim objects to confirmation of a

**22** plan. The only two "no" votes received in this case were from secured creditors. No

**23** unsecured creditor objected. Therefore § 1129(a)(15) is inapplicable.

**24**

**25**

**26**
Page **13 of 16** - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

**16. 11 USC § 1129(a)(16).**

Finally, all transfers contemplated by the Plan will comply with applicable law. The Plan therefore satisfies the requirements of Section 1129(a)(16).

**C. Cramdown – The Plan May be Confirmed Over the Dissent of the Rejecting Classes Because the Plan Satisfies 11 USC § 1129(b).**

Section 1129(b) applies only if an impaired class of claims entitled to vote does not accept the Plan. Class 2 (Hampton Heights, L.L.C.) and Class 4 (Property Tax Secured Claims) did not vote in favor of the Plan. Nevertheless, DIP is entitled to cramdown these Classes.

As explained above, the Plan satisfies all of the requirements of § 1129(a), except § 1129(a)(8), which requires that all impaired classes have voted to accept the Plan. In the event one or more impaired classes does not vote in favor of the Plan, however, the Plan may be still be confirmed if it satisfies the "cramdown" provisions of § 1129(b). Section 1129(b)(1) provides that, "if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph <u>if the plan does not discriminate unfairly</u>, <u>and is fair and equitable</u>, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." (emphasis added).

**1. The Plan Does Not Discriminate Unfairly.**

In general, the requirement that the plan not unfairly discriminate applies to plans in which claims or interests have been subordinated and requires that a plan afford the same treatment classes of claims with similar legal claims against Debtors. A plan must afford consistent classes of claims "with similar legal claims against the debtor." *See In re Acequia, Inc.*, 787 F2d 1352, 1364 (9th Cir 1986) (citations omitted).

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Each secured creditor is separately classified under the Plan, as is typical and appropriate given the different nature of each secured claim and the different collateral available as security. However, the Plan affords the same treatment for all similarly situated secured claimants (payment in full, with interest) and, therefore, it does not unfairly discriminate.

### 2. The Plan is "Fair and Equitable."

With respect to a dissenting class of secured claims, Section 1129(b)(2)(A) provides that a plan is fair and equitable if (i) the holders of such claims "retain liens securing such claims" and receive deferred cash payments on account of such claim totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property; or (ii) retain a lien on the proceeds of any secured property sold free and clear of liens and subject to section 363(k); or (iii) realize "the indubitable equivalent of such claims."

In the Lender Objection, Hampton Heights argues that its treatment under the Plan is not fair and equitable because the proposed interest rate of the payments to Hampton Heights is too low and not consistent with the analysis set forth in *Till v. SCS Credit Corp.*, 541 US 465 (2004). *See* Lender Objection at § B. The Court need not reach this issue, nor the issue of the value of DIP's real property raised in Section A of the Lender Objection, because as noted above DIP and Hampton Heights have reached an agreement concerning Hampton Heights's treatment under the Plan and Hampton Heights consents to confirmation of the Plan.

Columbia County has not objected to confirmation of the Plan, but it did not vote in favor. As noted above, with respect to the Class 4 (Property Tax Secured Claims), the Plan provides for payment of the Columbia County claim in full, in 24 equal monthly

Page 15 of 16 - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

installments, plus interest at the applicable statutory rate.  *See* Plan § 4.4.  Thus, Columbia County will receive payments, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property (because interest is included).  Columbia County also will retain any liens securing its claim to which it is entitled.

Therefore, the Plan is fair and equitable and meets the requirements set forth in § 1129(b)(2)(A).

**CONCLUSION**

For the foregoing reasons, the Court should confirm the Plan in accordance with 11 USC § 1129.

DATED this 17th day of April, 2013.

SUSSMAN SHANK LLP

By /s/ Timothy A. Solomon
_____
Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573

Attorneys for Debtor-in-Possession

21964-002\MEMO IN SUPPORT OF CONFIRMATION (01564822);1

Page **16 of 16** - DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 11, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I, Kathy A, Moody declare as follows: |
| 3 | I am employed in the County of Multnomah, State of Oregon; I am over the age |
| 4 | of eighteen years and am not a party to this action; my business address is 1000 SW |
| 5 | Broadway, Suite 1400, Portland, Oregon 97205-3089, in said County and State. |
| 6 | I certify that on April 17, 2013, I served the DEBTOR'S MEMORANDUM IN |
| 7 | SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF |
| 8 | REORGANIZATION DATED FEBRUARY 11, 2013 on all ECF participants as indicated |
| 9 | on the Court's Cm/ECF system and via first class mail on: |
| 10 | ODR Bkcy<br>955 Center St NE |
| 11 | Salem, OR 97301-2555 |
| 12 | I swear under penalty of perjury that the foregoing is true and correct to the best |
| 13 | of my knowledge, information, and belief. |
| 14 | Dated: April 17, 2013. |
| 15 | _____/s/ Kathy A. Moody_____ |
| 16 | Kathy A. Moody, Paralegal |
| 17 | |
| 18 | 21964-002\CERT OF SERVICE - KAM (01569101);1 |

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 106    Filed 04/17/13