1

2   Below is an Order of the Court.

3

4

5

6

7   _Elizabeth L. Perris_
    ELIZABETH PERRIS

8   U.S. Bankruptcy Judge

9

10           IN THE UNITED STATES BANKRUPTCY COURT

11                      DISTRICT OF OREGON

12  In re:                          )   Case No. 12-36345-elp11
                                    )
13      Joe, Paul,                  )   ORDER CONFIRMING DEBTOR'S
                                    )   SECOND AMENDED PLAN OF
14                                  )   REORGANIZATION DATED
        Debtor.                     )   APRIL 17, 2013
15                                  )
                                    )
16  _____ )

17       On April 18, 2013, a hearing was held (the "Confirmation Hearing") to consider

18  confirmation of the Debtor's Second Amended Plan of Reorganization Dated April 17,

19  2013 (Docket #107) (the "Plan"), pursuant to the provisions of Chapter 11 of the United

20  States Bankruptcy Code.  A copy of the Plan is attached hereto and incorporated herein

21  by reference. Appearances are noted on the record. In conjunction with the

22  Confirmation Hearing, the Court considered: (a) the Plan; (b) the Debtor's Memorandum

23  in Support of Confirmation (Docket #106); (c) the Summary of Acceptances and

24  Rejections (Docket #104); (d) the Report of Administrative Expenses (Docket #105);

25  (e) the statements of Debtor's counsel in support of confirmation of the Plan; (f) the

26  statements of other parties in interest in attendance at the Confirmation Hearing; (g) the

Page 1 of 4 – ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF
REORGANIZATION DATED APRIL 17, 2013

1　evidence admitted, adduced, and proffered at the Confirmation Hearing, including offers

2　of proof; and (h) the record herein.

3　　　The objection to confirmation of the Plan filed by Hampton Heights LLC (Docket

4　#102) was withdrawn, as stated on the record at the Confirmation Hearing.

5　　　Based on the findings of fact and conclusions of law as stated on the record with

6　respect to all applicable requirements of 11 USC § 1129 at the Confirmation Hearing, it

7　is

8　　　ORDERED:

9　　　1.　　The Plan, as modified in Paragraph 2, below, is confirmed in all respects.

10　　　2.　　The original principal amount of the Reorganization Note (as defined in

11　Section 4.2 of the Plan) shall be $1,243,583.31.

12　　　3.　　The assumption and/or assignment of all unexpired leases and executory

13　contracts that, pursuant to the Plan, are being assumed and/or assigned, is hereby

14　approved.　Any and all executory contracts and unexpired leases of the Debtor

15　assumed pursuant to the Plan shall remain in full force and effect.

16　　　4.　　In accordance with 11 USC § 1142, the Debtor and all other parties in

17　interest are authorized and empowered to take all actions necessary, useful, or

18　appropriate to implement, effectuate, and consummate the Plan and the transactions

19　contemplated by the Plan, and to perform their respective obligations thereunder.

20　　　5.　　Pursuant to 11 USC § 1146(c), the issuance, transfer, or exchange of any

21　security, or the making, delivery, filing, or recording of any instrument of transfer, under,

22　in furtherance of, or in connection with the Plan, shall not be taxed under any law

23　imposing a recording tax, stamp tax, transfer tax, or similar tax.

24　　　6.　　Notwithstanding confirmation of the Plan, this Court retains jurisdiction

25　over all matters arising under, arising out of or related to this Case and the Plan

26　pursuant to, and for the purposes of 11 USC §§ 105(a) and 1142, and for such other

Page 2 of 4 – ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF
REORGANIZATION DATED APRIL 17, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 112    Filed 04/29/13

1  purposes as may be necessary or useful to aid in the consummation of the Plan and its

2  implementation.

3          7.      Notwithstanding any other applicable law, and regardless of whether or

4  not they accepted the Plan, the terms of the Plan and this Order are binding upon and

5  enforceable against any and all holders of claims and interests, any and all non-debtor

6  parties to executory contracts and/or unexpired leases with the Debtor, any and all

7  creditors and other parties in interest, any and all parties to the settlements and

8  compromises described in the Plan, and all of the respective heirs, executors,

9  administrators, successor or assigns, of any and all of the foregoing.

10         8.      Except as otherwise provided in the Plan or this Order, on the Effective

11  Date, the Reorganized Debtor shall be vested with all property of his estate, free and

12  clear of all claims, liens, encumbrances, charges, and other interests of creditors, and

13  shall thereafter hold, use, dispose of, and otherwise deal with such property, and

14  operate his business and financial affairs, free of any and all restrictions imposed by the

15  Bankruptcy Code.

16         9.      The failure to specifically include or reference any particular provision of

17  the Plan in this Order shall not diminish or impair the effectiveness of such provision, it

18  being the intent of the Court that the Plan be confirmed in its entirety.

19                                           # # #

20         <u>CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)</u>

21         I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

22  PRESENTED BY:

23  SUSSMAN SHANK LLP

24  */s/ Timothy A. Solomon*

25  _____
    Thomas W. Stilley, OSB No. 883167

26  Timothy A. Solomon, OSB No. 072573
    Attorneys for the Debtor in Possession

    Page 3 of 4 – ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF
    REORGANIZATION DATED APRIL 17, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 12-36345-elp11    Doc 112    Filed 04/29/13

AGREED AS TO FORM ONLY:

FOLAWN ALTERMAN & RICHARDSON LLP

/s/ Karen M.T. Nashiwa

Karen M.T. Nashiwa, OSB No. 091374
Attorneys for the Hampton Heights LLC

JORDAN RAMIS PC

/s/ Douglas P. Cushing

Douglas P. Cushing, OSB No. 700320
Attorneys for the City of St. Helens

c:      ECF Participants
        Oregon Department of Revenue

21964-002\CONFIRMATION ORDER (01570426);2

Page 4 of 4 – ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED APRIL 17, 2013

Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: tstilley@sussmanshank.com
        tsolomon@sussmanshank.com

        Attorneys for Paul Joe

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) | Case No. 12-36345-elp11 |
| | ) | |
| Joe, Paul | ) | DEBTOR'S SECOND AMENDED PLAN |
| | ) | OF REORGANIZATION |
| | ) | (Dated April 17, 2013) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

1

### TABLE OF CONTENTS

2

1. DEFINITIONS ................................................................................. 1

2. TREATMENT OF UNCLASSIFIED CLAIMS ........................................... 7

2.1 Administrative Claims ................................................................ 7

2.2 Priority Tax Claims .................................................................... 7

3. CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS. ................... 8

4. TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS ........ 8

4.1 Class 1:  Non-Tax Priority Claims ................................................ 8

4.2 Class 2:  Hampton Heights, L.L.C. Claim ..................................... 9

4.3 Class 3:  General Unsecured Claims ............................................ 9

4.4 Class 4:  Property Tax Secured Claims ......................................... 9

4.5 Class 5:  City of St. Helens Secured Claims ................................ 10

4.6 Class 6:  One Main Financial Secured Claim ............................... 10

4.7 Class 7:  Payroll Tax Secured Claim .......................................... 10

5. MEANS FOR IMPLEMENTATION OF THE PLAN ................................ 11

5.1 Receipt of Lease Payments ....................................................... 11

5.2 Assumption of Lease ............................................................... 11

5.3 Performance of Post-Confirmation Obligations ............................. 11

5.4 Objections to Claims ............................................................... 11

5.5 Provisions Governing Distributions ............................................ 11

5.5.1 Distribution Only to Holders of Allowed Claims ..................... 12

5.5.2 Transmittal of Distributions ............................................... 12

5.5.3 Timing of Distributions ..................................................... 13

5.5.4 Form of Distributions ....................................................... 13

5.5.5 No Professional Fees or Expenses ...................................... 13

5.6 Closing of the Case ................................................................ 13

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

| 1 | 6. | CONDITIONS PRECEDENT | 14 |
| 2 | | 6.1 Conditions to Effectiveness | 14 |
| 3 | | 6.2 Waiver of Conditions | 14 |
| 4 | 7. | EFFECTS OF PLAN CONFIRMATION | 14 |
| 5 | | 7.1 Discharge | 14 |
| 6 | | 7.2 Vesting | 15 |
| 7 | | 7.3 Term of Injunctions or Stays | 15 |
| 8 | 8. | TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES | 15 |
| 9 | | 8.1 General; Assumed if Not Rejected | 15 |
| 10 | 9. | MISCELLANEOUS PROVISIONS | 16 |
| 11 | | 9.1 Retention of Jurisdiction | 16 |
| 12 | | 9.2 Modification of Plan | 17 |
| 13 | | 9.3 Severability | 17 |
| 14 | | 9.4 Post-Confirmation Professional Fees and Expenses | 17 |
| 15 | | 9.5 Headings | 18 |
| 16 | | 9.6 Computation of Time Periods | 18 |
| 17 | | 9.7 Notices | 18 |
| 18 | | 9.8 Post-Confirmation Court Approval | 19 |
| 19 | | 9.9 Election Pursuant to Section 1129(b) of the Bankruptcy Code | 19 |
| 20 | | 9.10 Consummation of the Plan | 20 |
| 21 | | 9.11 Exemption from Transfer Taxes | 20 |
| 22 | | 9.12 Waivers | 20 |
| 23 | | 9.13 Setoffs, Recoupments, and Defenses | 20 |
| 24 | | 9.14 Compromise of Controversies | 21 |
| 25 | | 9.15 Withdrawal or Revocation of the Plan | 21 |
| 26 | | 9.16 Default | 22 |

9.17  Filing and Payment of Allowed Administrative Claims ................................. 22

9.18  Payment of United States Trustee Fees ........................................................ 22

9.19  Governing Law ............................................................................................ 23

9.20  Reservation of Rights .................................................................................. 23

9.21  Plan Controls ............................................................................................... 23

9.22  Successors and Assigns .............................................................................. 23

1    Paul Joe, the Debtor and Debtor-in-Possession in the above-captioned Chapter

2    11 Case (the "Debtor"), proposes the following Plan of Reorganization pursuant to the

3    provisions of Chapter 11 of the Bankruptcy Code.

4    1.    **DEFINITIONS**

5    For purposes hereof, any term used in an initially capitalized form in this Plan will

6    have the defined meaning ascribed to it in either Section 101 of the Bankruptcy Code or

7    the definitions set forth below.  All definitions in the Bankruptcy Code and below will be

8    subject to the rules of construction set forth in Section 102 of the Bankruptcy Code.

9    Whenever the context requires, such terms include the singular as well as the plural, the

10    masculine gender includes the feminine, and the feminine gender includes the

11    masculine.  Any specific references to promissory notes, deeds of trust or other debt

12    instruments, or security documents includes any amendments, modifications, and

13    extensions thereto.  Nothing contained in this Plan constitutes an admission or denial by

14    any party of liability for, or the validity, priority, or extent of any Claim, lien, or security

15    interest asserted against the Debtor or against any third party.

16    "**Administrative Claim**" means a Claim for payment of an administrative

17    expense of a kind specified in Section 503(b) of the Bankruptcy Code and referred to in

18    Section 507(a)(2) of the Bankruptcy Code including, without limitation, the actual,

19    necessary costs and expenses of preserving a debtor's estate and operating a debtor's

20    business including Current Obligations, compensation for professional services and

21    reimbursement of expenses awarded under Sections 330(a) or 331 of the Bankruptcy

22    Code, and all fees and charges assessed against a Debtor's estate under Chapter 123

23    of Title 28, United States Code.

24    "**Administrative Claimant**" means a Person or Entity asserting an

25    Administrative Claim.

26

**Page 1 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    **"Allowance Date"** means, with respect to a Claim, the date such Claim

2    becomes Allowed.

3    **"Allowed"** means, with respect to a Claim, the extent to which:  (a) the Claim is

4    agreed to by the Claimant and the Debtor against whom the Claim is asserted; (b) the

5    Claim is expressly allowed in this Plan; or (c) proof of such Claim was (i) timely filed with

6    the Bankruptcy Court, (ii) deemed filed pursuant to Section 1111(a) of the Bankruptcy

7    Code, or (iii) tardily filed with leave of the Bankruptcy Court, and, in any case, as to

8    which the Claim is not Disputed or the Claim is Disputed and is allowed by a Final

9    Order.

10    **"Bankruptcy Code"** means the Bankruptcy Reform Act of 1978, principally

11    codified in 11 USC Section 101, et seq., and any amendments thereto applicable to

12    these Cases.

13    **"Bankruptcy Court"** means the United States Bankruptcy Court for the District

14    of Oregon.

15    **"Bankruptcy Rules"** means the Rules and Forms of Practice and Procedures in

16    Bankruptcy promulgated under 28 USC § 2075, as amended, and the local rules and

17    general orders of the Bankruptcy Court, as applicable to Chapter 11 cases, together

18    with all amendments and modifications from time to time thereto.

19    **"Business Day"** means any day other than Saturday, Sunday, or a "legal

20    holiday", as that term is defined in Bankruptcy Rule 9006(a).

21    **"Case"** means the case commenced by the Debtor under Chapter 11 of the

22    Bankruptcy Code on August 17, 2012.

23    **"Cash"** means cash, cash equivalents, bank deposits, and negotiable

24    instruments payable on demand.

25    **"Claim"** means any claim, as that term is defined in Section 101(5), arising on or

26    before the Confirmation Date.

**Page 2 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1    **"Claimant"** means a Creditor that asserts a Claim.

2    **"Claims Bar Date"** means the deadline set by the Court for filing proofs of claim

3    in the Case.

4    **"Claims Bar Date Notice"** means the *Notice of Last Day to File Claims* mailed

5    to Creditors and other interested parties providing notice of the Claims Bar Date.

6    **"Claims Bar Date Order"** means the applicable order of the Bankruptcy Court

7    setting the Claims Bar Date.

8    **"Claims Objection Bar Date"** means, unless extended by the Court, the first

9    Business Day that follows the 30th day after the Effective Date, or such other date as

10   fixed by the Bankruptcy Court, by which any objection to a Claim must be filed with the

11   Bankruptcy Court or such objection will be forever barred.

12   **"Closing"** means the Reorganized Debtor's execution and delivery of the Plan

13   Documents and its tender of any payments required to be made upon entry of the

14   Confirmation Order as more particularly described in this Plan.

15   **"Confirmation Date"** means the date of the entry of the Confirmation Order.

16   **"Confirmation Order"** means the order confirming this Plan.

17   **"Contingent"** means, with respect to a Claim, a Claim that has not accrued or is

18   not otherwise payable and the accrual of which or the obligation to make payment on

19   which is dependent upon a future event that may or may not occur.

20   **"Court"** means the Bankruptcy Court.

21   **"Creditor"** means any creditor, as that term is defined in Section 101(10) of the

22   Bankruptcy Code.

23   **"Current Obligations"** means (a) all liabilities or obligations of the Debtor that

24   arose or accrued in the ordinary course of that Debtor's business during this Case, and

25   (b) any taxes that were incurred subsequent to the Petition Date and became or

26

**Page 3 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1  become legally due and payable by the Debtor subsequent to the Petition Date and

2  prior to the Effective Date.

3     **"Debtor"** means Paul Joe.

4     **"Debtor's Professionals"** means the law firm Sussman Shank LLP and all other

5  professionals, if any, which the Debtor may retain to provide professional services, all in

6  accordance with Sections 327(a) and 327(e) of the Bankruptcy Code and as approved

7  by the Bankruptcy Court.

8     **"Disallowed"** means, with respect to any Claim, the extent to which the Claim

9  has been disallowed pursuant to (a) a Final Order, (b) an agreement between the

10  Claimant and the Debtor or Reorganized Debtor against whom the Claim is asserted, or

11  (c) the terms of the Plan.

12    **"Disclosure Statement"** means the Disclosure Statement regarding this Plan,

13  including all exhibits and schedules attached thereto and referenced therein prepared

14  by the Debtor pursuant to Section 1125 of the Bankruptcy Code and approved by the

15  Bankruptcy Court, as such Disclosure Statement may be amended and modified from

16  time to time.

17    **"Disputed"** means, with respect to a Claim, that an objection to such Claim has

18  been timely filed as provided in this Plan, or such Claim is listed as disputed in the

19  Debtor's schedules filed with the Bankruptcy Court, and such objection or dispute has

20  not been resolved by Final Order, or by agreement between the Claimant and the

21  Debtor or Reorganized Debtor.

22    **"Effective Date"** means the first Business Day on which all conditions to

23  effectiveness specified in Section 6.1 of this Plan have been satisfied or waived.  Unless

24  an appeal is taken from the Confirmation Order, the Effective Date is expected to occur

25  on the first day after the 14th day after entry of the Confirmation Order.

26

**Page 4 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1    **"Estate"** means the bankruptcy estate of the Debtor as created under Sections

2    541 and 1115 of the Bankruptcy Code.

3    **"Estimated Amount"** means the amount at which the Bankruptcy Court or the

4    District Court, pursuant to 28 USC §157(b)(2)(B), Section 502(c) of the Bankruptcy

5    Code, and Bankruptcy Rule 3018(a), as the case may be, estimates any Claim or class

6    of Claims that is Contingent, unliquidated, or disputed, including, without limitation, any

7    wrongful death or personal injury tort Claim or class thereof, for the purpose of

8    (a) allowance, (b) distribution, (c) confirming this Plan pursuant to Section 1129 of the

9    Bankruptcy Code, (d) voting to accept or reject this Plan pursuant to Section 1126 of the

10    Bankruptcy Code, or (e) for any other purpose.

11    **"Estimation Order"** means an order of the Bankruptcy Court or the District

12    Court, as applicable, that determines the Estimated Amount of any Claim or Claims for

13    any purpose, whether individually or as part of an aggregate.

14    **"Final Order"** means an order, judgment, ruling, or decree of the Bankruptcy

15    Court, the District Court, or any other court having jurisdiction as to which (a) any

16    appeal that has been taken has been finally determined or dismissed and the time to

17    take any further appeal, or to seek certiorari, further reargument or rehearing, has

18    expired or been waived in writing, or (b) the time to take an appeal has expired and no

19    appeal has been timely filed.

20    **"General Unsecured Claim"** means any Claim that is not an Administrative

21    Claim, a Priority Tax Claim, or a Claim that is otherwise classified under the Plan.

22    **"Lease"** means that certain Lease Agreement, entered into December 14, 2011,

23    between the Debtor, Sue Joe Martin, Gerald Martin, and Bing's Restaurant, Inc., and

24    any amendments or modifications thereto.

25    **"Non-Tax Priority Claim"** means any Claim which, if Allowed, would be entitled

26    to priority under Section 507(a)(1) through (7) of the Bankruptcy Code.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    **"Non-Tax Priority Claimant"** means a Person or Entity that asserts a Non-Tax

2    Priority Claim.

3    **"Note"** means that certain promissory note dated June 17, 2010 from Paul Joe

4    to Hampton Heights, L.L.C. in the original principal amount of $1,100,000.

5    "**Petition Date**" means August 17, 2012, the date the Debtor filed the petition

6    commencing the Case.

7    **"Plan"** means this Second Amended Plan of Reorganization and any and all

8    modifications and/or amendments thereto.

9    **"Plan Documents"** means all agreements, documents, and exhibits that are

10   necessary or appropriate to implement, authorize, consummate, and operate the Plan.

11   **"Priority Tax Claim"** means any Claim that, if Allowed, would be entitled to a

12   priority in payment under Section 507(a)(8) of the Bankruptcy Code.

13   **"Priority Tax Claimant"** means an Entity that asserts a Priority Tax Claim.

14   **"Proponent"** means the Debtor as the proponent of the Plan.

15   **"Pro Rata"** means proportionate, and when applied to a Claim means the ratio

16   of the amount distributed on account of an Allowed Claim in a class to the amount

17   distributed on account of all Allowed Claims in such class.

18   **"Real Property"** means the real property and improvements located at 58209

19   Columbia River Hwy, St Helens, OR, known as Bing's Restaurant.

20   **"Reorganized Debtor"** means the Debtor on and after the Effective Date.

21   **"Secured Claim"** means any Claim, including interest, fees, and charges as

22   determined pursuant to Section 506(b) of the Bankruptcy Code, against the Debtor that

23   is (a) secured in whole or in part as of the Petition Date by a lien on any of the assets or

24   property of such Debtor, which lien is valid, perfected, and enforceable under applicable

25   law and is not subject to avoidance under the Bankruptcy Code or applicable non-

26   bankruptcy law, but only to the extent of the value of the assets or property securing any

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1   such Claim; or (b) subject to setoff under Section 553 of the Bankruptcy Code, but only

2   to the extent of the amount subject to such setoff.

3       **"Statement of Financial Affairs"** means the Debtor's Statement of Financial

4   Affairs, and any amendments or supplements thereto, filed by the Debtor with the

5   Bankruptcy Court pursuant to Bankruptcy Rule 1007.

6       **"Temporarily Allowed"** means temporarily allowed for any purpose other than

7   distribution on a Claim pursuant to Bankruptcy Rule 3018(a) or otherwise.

8       **"Unresolved"** means, with respect to a Claim, a Disputed Claim that has not

9   been Allowed or Disallowed for distribution purposes.

10  **2.**    **TREATMENT OF UNCLASSIFIED CLAIMS**

11      **2.1**    **Administrative Claims**

12      The Reorganized Debtor will pay all holders of Allowed Administrative Claims the

13  full amount of their Allowed Administrative Claims in Cash either (a) on or as soon as

14  reasonably practicable following the Effective Date, or, if later, the Allowance Date; or

15  (b) upon such terms as may be agreed to in writing by the Administrative Claimant and

16  the Debtor or Reorganized Debtor; provided, however, that any Current Obligations will

17  be paid in full in the ordinary course of the Reorganized Debtor's business in

18  accordance with the terms and conditions of any agreement relating thereto.

19      **2.2**    **Priority Tax Claims**

20      The Debtor does not believe any Priority Tax Claims exist.  To the extent Priority

21  Tax Claims exist, the Reorganized Debtor will pay all holders of such claims the full

22  amount of their Allowed Priority Tax Claims, together with interest from and after the

23  Effective Date at the rate determined pursuant to 11 USC § 511, in equal monthly

24  installments of principal and interest, to commence within 30 days following the

25  Effective Date, with the final payment to be made on or before the 5th anniversary of the

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1   first monthly installment payment.  The Reorganized Debtor will be free to prepay all or

2   any portion of such Claims at any time.

3   **3.      CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS**

4          All Claims and Equity Interests except Administrative Expense Claims and

5   Priority Tax Claims are placed in the following classes for all purposes.  A Claim is

6   classified in a particular class only to the extent the Claim qualifies within the description

7   of that class and is classified in a different class to the extent the Claim qualifies within

8   the description of that different class.  If a Claim is acquired or transferred, the Claim will

9   be placed in the class where it would have been placed if it were owned by the original

10  holder of such Claim.  If a Claimant has more than one Claim in the same class, such

11  Claims will be aggregated and treated as a single Claim.  If a Claimant has Claims in

12  different classes, such Claims will be aggregated only within the same class and not

13  between classes.

14              Class 1:  Non-Tax Priority Claims

15              Class 2:  Hampton Heights, L.L.C. Claim

16              Class 3:  General Unsecured Claims

17              Class 4:  Property Tax Secured Claims

18              Class 5:  City of St. Helens Secured Claims

19              Class 6:  One Main Financial Secured Claim

20              Class 7:  Payroll Tax Claim

21  **4.      TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS.**

22          **4.1    Class 1:  Non-Tax Priority Claims**

23          The holders of Allowed Non-Tax Priority Claims will receive payment from

24  Reorganized Debtor of the full amount of their Allowed Claims on or as soon as

25  reasonably practicable following the Effective Date, or, if later, the Allowance Date.

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1  **4.2    Class 2:  Hampton Heights, L.L.C. Claim**

2         In full satisfaction of the Debtor's obligation for payment of that certain

3  promissory note dated June 17, 2010 from Paul Joe in the original principal amount of

4  $1,100,000 (the "Note"), the Reorganized Debtor will, on the Effective Date, execute

5  and deliver to Hampton Heights, L.L.C. a promissory note in the original principal

6  amount of $1,238,583.31 (the "Reorganization Note") payable on the terms set forth

7  below and secured by a lien and security interest in all real and personal property that

8  secured the Note, with the same priority Hampton Heights, L.L.C.'s liens and security

9  interests had as of the Petition Date.  The Reorganization Note will have a term of three

10  years, and will accrue interest at the rate of 7.0% per annum during the first two years

11  and 10.0% per annum during the third year.  The Debtor will make (1) 36 equal monthly

12  installment payments of interest only, each in the amount $7,207.57 (totaling 7.0% of

13  the principal amount of the Reorganization Note per annum); and (2) a balloon payment

14  of all remaining principal and interest at the end of 3 years; provided, however, that the

15  Reorganized Debtor may prepay all or some portion of the Reorganization Note at any

16  time without prepayment penalty.  The first monthly payment will be due on the first day

17  of the second calendar month following the Effective Date, with subsequent monthly

18  payments on the first day of each calendar month thereafter, with the balloon payment

19  due on or before the third anniversary of the due date for the first monthly installment

20  payment.

21  **4.3    Class 3:  General Unsecured Claims**

22         Each creditor holding an Allowed General Unsecured Claim will receive payment

23  in full, in 60 equal monthly installments, plus interest at a rate of 3.50% per annum, with

24  such payments to commence within 30 days following the Effective Date.  The

25  Reorganized Debtor will be free to prepay all or any portion of such Claims at any time.

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    **4.4    Class 4:  Property Tax Secured Claims**

2        The Debtor does not believe there are any holders of Property Tax Secured

3    Claims.   To the extent there are, each creditor holding an Allowed Property Tax

4    Secured Claim will receive payment in full, in 24 equal monthly installments, plus

5    interest at the applicable statutory rate, with such payments to commence within 30

6    days following the Effective Date.

7    **4.5    Class 5:  City of St. Helens Secured Claims**

8        The holder of the City of St. Helens Secured Claims will receive no distribution

9    under the Plan.  The claims will continue to be secured by a lien in all real and personal

10    property that secured the lien as of the Petition Date, with the same priority such liens

11    had as of the Petition Date.  These claims will be paid by Bing's Restaurant on terms

12    that have been agreed to among the Debtor, the City of St. Helens and Bing's

13    Restaurant, as set forth in Appendix A to this Plan; however, the Debtor will remain

14    liable for any amounts due to the holder of the City of St. Helens Secured Claims to the

15    extent such payments are not made by Bing's Restaurant and the Debtor's obligation to

16    the City of St. Helens will not be discharged until the City of St. Helens Secured Claims

17    have been paid in full.

18    **4.6    Class 6:  One Main Financial Secured Claim**

19        The creditor holding the One Main Financial Secured Claim will retain its security

20    interest in the 1994 Lexus ES300 and will receive payments consistent with the Debtor's

21    contractual payment obligations in connection therewith.

22    **4.7    Class 7:  Payroll Tax Secured Claim**

23        The holder of the Payroll Tax Secured Claim will receive no distribution under the

24    Plan.  However, the Debtor will remain liable for any amounts due to the holder of the

25    Payroll Tax Secured Claim to the extent such payments are not made by Bing's

26    Restaurant.

**Page 10 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1    **5.    MEANS FOR IMPLEMENTATION OF THE PLAN**

2        **5.1    Receipt of Lease Payments**

3        The Debtor is contractually entitled to a monthly payment of $10,100 under the

4    Lease.  Beginning in January 2013, this payment will be raised to $11,375 per month.

5    These payments will be used to fund the Reorganized Debtor's obligations under this

6    Plan.

7        **5.2    Assumption of Lease**

8        At closing, the Reorganized Debtor will assume all of the Debtor's right, title,

9    interest, and obligations under the Lease.

10        **5.3.    Performance of Post-Confirmation Obligations**

11        The Reorganized Debtor will:

12        (a)    in accordance with applicable law, review all Claims filed

13    against the Estate and, if advisable and cost-effective, and if he has the available

14    financial resources to do so, object to such Claims;

15        (b)    in the exercise of his business judgment, and to the extent

16    he has the available financial resources to do so, investigate, prosecute, settle, or

17    dismiss all Debtor Actions not otherwise resolved prior to or under this Plan.  Unless

18    otherwise provided in this Plan or the Plan Documents, the Reorganized Debtor will be

19    entitled to receive all Debtor Action Recoveries pursuant to this Plan; and,

20        (c)    perform all of his obligations under this Plan and Plan

21    Documents, in each case, as and when the same become due or are to be performed.

22        **5.4    Objections to Claims**

23        Objections to a Claim, as to which no objection is pending as of the Effective

24    Date, must be filed by the Claims Objection Bar Date. Objections to such Claims may

25    be filed by the Reorganized Debtor, any Claimant, or any other party in interest.

26        **5.5    Provisions Governing Distributions**

**Page 11 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1       **5.5.1  Distribution Only to Holders of Allowed Claims**

2           Except as otherwise provided in this Section 5.5.1, distributions under this Plan

3       and the Plan Documents will be made only to the holders of Allowed Claims.  Until a

4       Disputed Claim becomes an Allowed Claim, the holder of that Disputed Claim will not

5       receive any distribution otherwise provided to the Claimants under this Plan or the Plan

6       Documents. If necessary in determining the amount of a Pro Rata distribution due to the

7       holders of Allowed Claims in any class, the Reorganized Debtor will make the Pro Rata

8       calculation as if all Unresolved Claims were Allowed Claims in the full amount claimed

9       or in the Estimated Amount.  When an Unresolved Claim in any class becomes an

10      Allowed Claim, the Reorganized Debtor will make distributions with respect to such

11      Allowed Claim, together with any allowable interest accrued on the amount of each such

12      distribution to the date thereof, net of any setoff contemplated by the order, if any,

13      allowing such Claim and/or any required withholding of applicable federal and state

14      taxes.

15      **5.5.2  Transmittal of Distributions**

16          Except as otherwise provided in this Plan, in the Plan Documents, or in an order

17      of the Bankruptcy Court, distributions to be made under this Plan or the Plan

18      Documents to Claimants holding Allowed Claims will, in each case, be made by the

19      Reorganized Debtor by first class United States mail, postage prepaid, (a) to the latest

20      mailing address set forth in a proof of claim filed with the Bankruptcy Court by or on

21      behalf of such Claimant, or to such other address as may be provided to the

22      Reorganized Debtor by such Claimant in writing, or (b) if no such proof of claim has

23      been filed and no written notice setting forth a mailing address is provided by or on

24      behalf of such Claimant to the Reorganized Debtor to the mailing address set forth in

25      the schedules filed by the Debtor in this Case.  If a Claimant's distribution is not mailed

26      or is returned to the Reorganized Debtor because of the absence of a proper mailing

**Page 12 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1   address, the Reorganized Debtor shall make a reasonable effort to locate or ascertain

2   the correct mailing address for such Claimant from information generally available to the

3   public and from such party's own records, but shall not be liable to such Claimant for

4   having failed to find a correct mailing address.

5        **5.5.3    Timing of Distributions**

6        Unless otherwise agreed by the Reorganized Debtor and the recipient of the

7   distribution under this Plan or the Plan Documents, whenever any payment to be made

8   is due on a day other than a Business Day, such payment will instead be made on the

9   next Business Day, with interest to the extent expressly contemplated by this Plan or

10   any applicable agreement or instrument.

11        **5.5.4  Form of Distributions**

12        Unless otherwise agreed by the Reorganized Debtor and the recipient of the

13   distribution under this Plan or the Plan Documents, all Cash payments to be made by a

14   Reorganized Debtor pursuant to this Plan or the Plan Documents will be made, at the

15   option of the Reorganized Debtor, by a check or wire transfer.

16        **5.5.5  No Professional Fees or Expenses**

17        No professional fees or expenses will be paid by the Reorganized Debtor with

18   respect to any Claim except as specified in this Plan, or as Allowed by Final Order of

19   the Bankruptcy Court, as applicable.

20        **5.6    <u>Closing of the Case</u>**

21        As soon as practicable after the Effective Date, and when the Reorganized

22   Debtor deems appropriate, the Reorganized Debtor will seek authority from the Court to

23   close the Case in accordance with the Bankruptcy Code and the Bankruptcy Rules;

24   provided, however, that entry of a final decree closing the Case shall, whether or not

25   specified therein, be without prejudice to the right of the Reorganized Debtor or other

26   party in interest to reopen the Case for any matter over which the Court has retained

**Page 13 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1   jurisdiction under this Plan.  Any order closing a Case will provide that the Bankruptcy

2   Court (i) will retain jurisdiction to enforce, by injunctive relief or otherwise, the

3   Confirmation Order, any other orders entered in this Case, and the obligations created

4   by this Plan and the Plan Documents; (ii) will retain jurisdiction to enter an order

5   discharging the Debtor and Reorganized Debtor once all payments under the Plan have

6   been completed, and (iii) will retain all other jurisdiction and authority granted to it under

7   this Plan and the Plan Documents.

8   **6.    CONDITIONS PRECEDENT**

9       **6.1    Conditions to Effectiveness**

10      The Effective Date will not occur and the Plan will not become effective unless

11  and until each of the following conditions have been satisfied or waived in accordance

12  with Section 6.2. of this Plan:

13          (a)    the Bankruptcy Court shall have entered the Confirmation Order in

14  form and substance reasonably acceptable to the Debtor; and

15          (b)    the Confirmation Order has become a Final Order.

16      **6.2    Waiver of Conditions**

17      Any condition set forth in Section 6.1 of this Plan may be waived by the Debtor.

18  **7.    EFFECTS OF PLAN CONFIRMATION**

19      **7.1    Discharge**

20      Except as otherwise expressly provided in this Plan (including Section 4.5), in the

21  Plan Documents, or in the Confirmation Order, upon the completion of all payments

22  required to be made by the Reorganized Debtor under the Plan, the Reorganized

23  Debtor will be entitled to obtain an order from the Court granting the Debtor and

24  Reorganized Debtor a discharge from all liability on any and all Claims and Debts,

25  known or unknown, whether or not giving rise to a right to payment or an equitable

26  remedy, that arose, directly or indirectly, from any action, inaction, event, conduct,

**Page 14 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1   circumstance, happening, occurrence, agreement, or obligation of the Debtor or any of

2   the Debtor's representatives before the Effective Date, or that otherwise arose before

3   the Effective Date, including, without limitation, all interest, if any, on any such Claims

4   and Debts, whether such interest accrued before or after the date of commencement of

5   this Case, and from any liability of the kind specified in Sections 502(g), 502(h), and

6   502(i) of the Bankruptcy Code, whether or not a proof of claim is filed or is deemed filed

7   under Section 501 of the Bankruptcy Code, such Claim is Allowed under this Plan, or

8   the holder of such Claim has accepted this Plan.

9       **7.2    Vesting**

10   Except as otherwise expressly provided in this Plan or in the Confirmation Order,

11   on the Effective Date, the Reorganized Debtor will be vested with all of the property of

12   the Estate free and clear of all Claims, liens, encumbrances, charges and other

13   interests of Creditors and Claimants.  As of the Effective Date, the Reorganized Debtor

14   may hold, use, dispose, and otherwise deal with such property and conduct his affairs

15   free of any restrictions imposed by the Bankruptcy Code or by the Bankruptcy Court,

16   other than those restrictions expressly imposed by the Plan, the Confirmation Order, or

17   the Plan Documents.

18      **7.3    Term of Injunctions or Stays**

19   All injunctions or stays provided for in this Plan and the injunctive provisions of

20   Sections 524 and 1141 of the Bankruptcy Code are permanent and will remain in full

21   force and effect following the Effective Date.

22   **8.    TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

23      **8.1    General; Assumed if Not Rejected**

24   Subject to the requirements of Section 365, all executory contracts and

25   unexpired leases of the Debtor that have not been rejected under this Plan or by order

26   of the Bankruptcy Court, and are not the subject of a motion to reject pending on the

**Page 15 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1    Confirmation Date will be deemed assumed by the Debtor and Reorganized Debtor on

2    the Effective Date.  If any party to an executory contract or unexpired lease that is being

3    assumed objects to such assumption, the Bankruptcy Court may conduct a hearing on

4    such objection on any date that is either mutually agreeable to the parties or fixed by the

5    Bankruptcy Court.  All payments to cure defaults that may be required under Section

6    365(b)(1) of the Bankruptcy Code will be made by the Reorganized Debtor.  In the event

7    of a dispute regarding the amount of any such payments, or the ability of the Debtor to

8    provide adequate assurance of future performance, the Reorganized Debtor will make

9    any payments required by Section 365(b)(1) of the Bankruptcy Code after the entry of

10   the Final Order resolving such dispute.

11   **9.      MISCELLANEOUS PROVISIONS**

12          **9.1      Retention of Jurisdiction**

13          Notwithstanding entry of the Confirmation Order or the occurrence of the

14   Effective Date, and except as otherwise specifically set forth in this Section 9.1, the

15   Bankruptcy Court will retain jurisdiction over all matters arising under, in furtherance of,

16   or in connection with this Plan, including those matters specifically described in this

17   Section 9.1 below.

18          The matters over which the Bankruptcy Court shall retain jurisdiction over this

19   Plan include:

20          (a)     determine any Unresolved Claims;

21          (b)     determine the Estimated Amount of any Claim;

22          (c)     determine requests for payment of Claims entitled to priority under

23   Section 507 of the Bankruptcy Code, including compensation of and reimbursement of

24   expenses of parties entitled thereto;

25          (d)     resolve controversies and disputes regarding the modification,

26   interpretation, and implementation of this Plan and the Plan Documents;

**Page 16 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1           (e)     enter orders in aid of this Plan and the Plan Documents including,

2    without limitation, appropriate orders (which may include contempt or other sanctions) to

3    protect the Reorganized Debtor from actions prohibited under this Plan or the Plan

4    Documents;

5           (f)     modify this Plan;

6           (g)     determine any and all applications, adversary proceedings, and

7    contested or litigated matters pending on, or filed after, the Effective Date;

8           (h)     determine any and all pending motions for the assumption or

9    rejection of executory contracts or leases, and to hear and determine, and if need be to

10   liquidate, any and all Claims arising therefrom;

11          (i)     enter Final Orders closing the Case; and,

12          (j)     enter Final Orders discharging the Debtor and Reorganized Debtor

13   pursuant to Section 1141(d)(5) of the Bankruptcy Code.

14       **9.2**    **Modification of Plan**

15        The Debtor reserves the right, in accordance with the Bankruptcy Code, to

16   amend, modify, or withdraw this Plan prior to the entry of the Confirmation Order.  After

17   the entry of the Confirmation Order, the Debtor or Reorganized Debtor may, upon order,

18   amend or modify this Plan in accordance with Section 1127(b) of the Bankruptcy Code.

19       **9.3**    **Severability**

20        In the event of a successful collateral attack on any provision of this Plan (i.e., an

21   attack other than through a direct appeal of the Confirmation Order), the remaining

22   provisions of this Plan will remain binding on the Debtor, the Reorganized Debtor, all

23   Claimants, all Creditors, and all other parties in interest.

24       **9.4**    **Post-Confirmation Professional Fees and Expenses**

25        All professional fees and expenses incurred or payable by the Reorganized

26   Debtor after the Effective Date but prior to closing of the Case will be paid in the

**Page 17 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1   ordinary course of business of the Reorganized Debtor without the need for approval of

2   the Bankruptcy Court. The Bankruptcy Court will retain jurisdiction to resolve any

3   dispute with respect to such fees or expenses upon application by the affected

4   professional or the Reorganized Debtor.

5       **9.5     Headings**

6       The headings of the sections and paragraphs of this Plan are inserted for

7   convenience only and will not affect the interpretation hereof.

8       **9.6     Computation of Time Periods**

9       In computing any period of time prescribed or allowed by this Plan, the day of the

10  act, event, or default from which a designated period of time begins to run will not be

11  included. The last day of the period so computed will be included so long as it is a

12  Business Day.  When the period of time prescribed or allowed is less than 11 days, any

13  day that is not a Business Day will be excluded in the computation.

14      **9.7     Notices**

15      All notices or requests to the Reorganized Debtor in connection with this Plan

16  shall be in writing and served either by (i) United States mail, postage prepaid, (ii) hand

17  delivery, or (iii) reputable overnight delivery service, all charges prepaid, and shall be

18  deemed given when received.

19      All notices and requests to a Person or Entity holding any Claim will be sent to

20  them at their last known address or to the last known address of their attorney of record.

21  The Debtor, the Reorganized Debtor, and any holder of a Claim may designate in

22  writing any other address, which designation will be effective upon actual receipt by the

23  Debtor, Reorganized Debtor, or by the holder of the Claim.  Any Person or Entity

24  entitled to receive notice under this Plan will have the obligation to provide the

25  Reorganized Debtor with such Person's or Entity's current address for notice purposes.

26  The Reorganized Debtor will have no obligation to attempt to locate a more current

**Page 18 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1   address in the event any notice proves to be undeliverable to the most recent address

2   which has been provided to the Reorganized Debtor.

3       **9.8    Post-Confirmation Court Approval**

4       Any action requiring Bankruptcy Court approval after the Effective Date will

5   require the Person or Entity seeking such approval to file an application, motion, or

6   other request with the Bankruptcy Court and obtain a Final Order approving such action

7   before the requested action may be taken.  The Person or Entity filing such application,

8   motion, or other request shall serve such application, motion, or other request, together

9   with a notice setting forth the time in which objections must be filed with the court, on

10  the Reorganized Debtor and other affected parties by first-class mail, electronic mail,

11  overnight courier, facsimile, or hand delivery.  Unless the Court orders otherwise, all

12  notices shall provide the recipients at least 21 days in which to file an objection to the

13  application, motion, or other request.  If no objection is timely filed, the Court may

14  authorize the proposed action without further notice or a hearing.  If an objection is

15  timely filed, the court will determine whether to conduct a hearing, or to require the

16  submission of further documentation, prior to ruling on the application, motion, or other

17  request.

18      **9.9    Election Pursuant to Section 1129(b) of the Bankruptcy Code**

19      The Debtor hereby requests confirmation of the Plan pursuant to Section 1129(b)

20  of the Bankruptcy Code if the requirements of all provisions of Section 1129(a) of the

21  Bankruptcy Code, except paragraph (a)(8) thereof, are met with regard to the Plan.  In

22  determining whether the requirements of Section 1129(a)(8) of the Bankruptcy Code

23  have been met, any Class or subclass of a Class that does not contain as an element

24  thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018

25  as of the date fixed by the Bankruptcy Court for filing acceptances or rejections of this

26  Plan shall be deemed deleted from this Plan for purposes of voting to accept or reject

**Page 19 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1   this Plan and for purposes of determining acceptance or rejection of this Plan by such

2   Class or subclass.

3       **9.10   Consummation of the Plan**

4       The Debtor reserves the right to request that the Confirmation Order include (i) a

5   finding by the Court that Bankruptcy Rule 3020(e) shall not apply to the Confirmation

6   Order, and (ii) the Court's authorization for the Reorganized Debtor to consummate the

7   Plan immediately after entry of the Confirmation Order.

8       **9.11   Exemption from Transfer Taxes**

9       Pursuant to Section 1146(a) of the Bankruptcy Code, the delivery of any deed or

10  other instrument of transfer under, in furtherance of, or in connection with this Plan,

11  whether occurring prior or subsequent to the Confirmation Date, including any deeds,

12  bills of sale, or assignments executed in connection with any disposition of assets

13  contemplated by this Plan, shall not be subject to any stamp tax, real estate transfer tax,

14  excise tax, sales tax, use tax or other similar tax.

15      **9.12   Waivers**

16      Except as otherwise provided in the Plan or in the Confirmation Order, any term

17  of the Plan may be waived by the party benefited by the term to be waived.

18      **9.13   Setoffs, Recoupments, and Defenses**

19      Nothing contained in the Plan shall constitute a waiver or release by the Debtor

20  or Reorganized Debtor of any rights of setoff or recoupment, or of any defense, it may

21  have with respect to any Claim (including, without limitation, rights under Section

22  502(d)) of the Bankruptcy Code.  Except as otherwise provided in the Plan or in the

23  Confirmation Order or in agreements previously approved by a Final Order, the

24  Reorganized Debtor may, but will not be required to, set off against any Claim or any

25  distributions with respect to such Claim any and all of the claims, rights, and causes of

26  action of any nature that the Debtor or the Reorganized Debtor, as applicable, may hold

**Page 20 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1   against the holder of such Claim; provided, however, that neither the failure to effect

2   such a setoff, the allowance of any Claim hereunder, the payment of any distribution

3   hereunder or any other action or omission of the Reorganized Debtor, nor any provision

4   of the Plan, shall constitute a waiver or release by the Debtor or the Reorganized

5   Debtor, as applicable, of any such claims, rights, and causes of action that the Debtor or

6   the Reorganized Debtor, as applicable, may possess against such holder.

7        **9.14**   **Compromise of Controversies**

8        In consideration for the classification, distributions, and other benefits provided

9   under the Plan, the provisions of the Plan shall constitute a good faith compromise and

10   settlement of all Claims or controversies resolved pursuant to the Plan.  The entry of the

11   Confirmation Order shall constitute the Court's approval of each of the compromises

12   and settlements provided for in the Plan, and the Court's findings shall constitute its

13   determination under the standards of Bankruptcy Rule 9019 that such compromises and

14   settlements are in the best interests of the Debtor and the Estate.  The Debtor expressly

15   reserves the right (with Court approval, following appropriate notice and opportunity for

16   a hearing) to compromise and settle other Claims and Debtor Actions up to and

17   including the Effective Date.

18        **9.15**   **Withdrawal or Revocation of the Plan**

19        The Debtor reserves the right to revoke or withdraw the Plan prior to the

20   Confirmation Date.  If the Plan is revoked or withdrawn, or if the Confirmation Date does

21   not occur, the Plan shall have no force and effect and in such event nothing contained

22   herein shall be deemed to constitute a waiver or release of any claims by or against the

23   Debtor or the Estate or any other Person or Entity, or to prejudice in any other manner

24   the rights of the Debtor or any other entity in further proceedings involving the Debtor

25   and specifically shall not modify or affect the rights of any party under any prior orders

26   of the Court.

**Page 21 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

1    **9.16    Default**

2    Except as otherwise provided in the Plan or in the Confirmation Order, in the

3    event the Reorganized Debtor, or any third party obligated to pay debts upon which the

4    Debtor is a co-debtor, should default in the performance of any of his obligations under

5    the Plan or under any of the Plan Documents and shall not have cured such a default

6    within any applicable cure period (or, if no cure period is specified in the Plan or Plan

7    Documents or in any instrument issued to or retained by a Claimant under the Plan,

8    then within 30 days after receipt of written notice of default), then the entity to whom the

9    performance is due may pursue such remedies as are available at law or in equity.  An

10   event of default occurring with respect to one Claim shall not be an event of default with

11   respect to any other Claim.

12    **9.17    Filing and Payment of Allowed Administrative Claims**

13   All requests for the payment of Administrative Claims must be filed with the

14   Bankruptcy Court no later than 30 days after the Effective Date or at such time as the

15   Bankruptcy Court may otherwise order.  Once a Final Order is entered Allowing a

16   Disputed Administrative Claim, the Reorganized Debtor will pay such Claim in

17   accordance with this Plan.

18    **9.18    Payment of United States Trustee Fees**

19   All fees due to the United States Trustee pursuant to 28 USC § 1930(a) accruing

20   after the Effective Date will be paid by the Reorganized Debtor as and when they

21   become due and will be based on the Reorganized Debtor's total disbursements,

22   including ordinary course of business disbursements as well as disbursements made

23   directly to Claimants under this Plan.  Such fee obligations will not terminate until this

24   Case is converted or dismissed, or until this Case is no longer pending upon entry of a

25   Final Order closing this Case, whichever  first occurs.

26   //

**Page 22 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

### 9.19    Governing Law

Except to the extent that federal law (including the Bankruptcy Code or Bankruptcy Rules) is applicable, the rights and obligations arising under the Plan or under the Plan Documents shall be governed by and construed and enforced in accordance with the laws of the state of Oregon without giving effect to the principles of conflicts of laws thereof.

### 9.20    Reservation of Rights

If the Plan is not confirmed by a Final Order, or if the Plan is confirmed and the Effective Date does not occur, the rights of all parties in interest in the Case are and will be reserved in full.  Any concessions or settlement reflected herein, if any, are made for purposes of the Plan only, and if the Plan does not become effective, no party in interest in the Case shall be bound or deemed prejudiced by any such concession or settlement.

### 9.21    Plan Controls

To the extent any provision of the Plan Documents is inconsistent with this Plan, the provisions of the Plan shall control.

### 9.22    Successors and Assigns

The Plan shall be binding upon and inure to the benefit of the Debtor, the Reorganized Debtor, all Claimants, all Creditors, and all other parties in interest affected thereby and their respective successors, heirs, legal representatives and assigns.

**DATED: April 17, 2013**

**{SIGNATURES TO FOLLOW}**

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1

DEBTOR:

2

*/s/ Paul Joe*

3
_____

Paul Joe

4

SUSSMAN SHANK LLP

5

*/s/ Timothy A. Solomon*

6
_____

By: Thomas W. Stilley, OSB. No. 883167

7
    Timothy A. Solomon, OSB No. 072573
    Attorneys for Paul Joe

8

9
**21964-002\PLAN -- FINAL AMENDED VERSION (01568532);1**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 24 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
DATED APRIL 17, 2013

**APPENDIX A**[1]

As of the Petition Date, Debtor owed financial obligations to the City of St. Helens pursuant to two Local Improvement District Liens and one Systems Development Charge Loan (collectively referred to as the "Liens"). The Liens are recorded against the Real Property. (Bing's Restaurant is located at and is part of the improvements to the Real Property and is a beneficiary of the local improvements and system developments that gave rise to the Liens.)

Bing's Restaurant has agreed to pay City of St. Helens the amounts owed under the Liens. The City of St. Helens has agreed to modify the terms of the Liens. The Debtor has agreed that he remains liable for any amounts due to the City of St. Helens that are not paid by Bing's Restaurant and that the obligations to the City of St. Helens will not be discharged until the Liens have been paid in full.

The Debtor, the City of St. Helens and Bing's Restaurant have further agreed as follows:

1.      As of June 15, 2013, the total amount owed under the Liens, including principal and accrued interest, will be $152,651. This amount will be increased by approximately $9,000, to include the City of St. Helens' legal expenses associated with the enforcement of the Liens.

2.      The Liens must be satisfied in full if: (a) the Real Property is refinanced; (b) there is a change in ownership of the Real Property; or (c) the loan(s) secured by the Real Property are paid in full.

---

[1] Unless otherwise specifically defined in this Appendix A, all capitalized terms used herein will have the same meaning as provided in the Plan.

**Page 25 of 26** – DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED APRIL 17, 2013

3.      The City of St. Helens forgives prior System Development Charge Loan penalties of $1,827.

4.      The interest rate for the System Development Charge Loan will be reduced to five per cent (5%) per annum on the Effective Date of the Plan.

5.      Bing's Restaurant will begin making monthly installment payments of $1200 on June 15, 2013 or the Effective Date, whichever is later.  The amount of each monthly installment payment will increase by five per cent (5%) on January 1, 2014 and will increase by five per cent (5%) on every January 1 thereafter.

6.      Bing's Restaurant will provide financial statements annually to the City of St. Helens within 60 days of its fiscal year-end. Based on the City of St. Helens' assessment of the annual financial statements, the parties may further modify the agreement to increase the monthly installments above the amounts set forth in paragraph 5 above.

7.      Bing's Restaurant will make a final payment of all amounts due on December 15, 2019 to pay off the remaining balance on the Liens. There is no penalty for prepayment by Bing's Restaurant or the Debtor.

8.      If, as of December 15, 2019, Bing's Restaurant has been and is current in all payments described above, the City of St. Helens shall extend the term of repayment an additional five (5) years, to and including December 2024, upon written request by Bing's Restaurant or the Debtor.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1

## CERTIFICATE OF SERVICE

2   I, Kathy A, Moody declare as follows:

3   I am employed in the County of Multnomah, State of Oregon; I am over the age

4   of eighteen years and am not a party to this action; my business address is 1000 SW

5   Broadway, Suite 1400, Portland, Oregon 97205-3089, in said County and State.

6   I certify that on April 17, 2013, I served the DEBTOR'S SECOND AMENDED

7   PLAN OF REORGANIZATION (Dated April 17, 2013) on all ECF participants as

8   indicated on the Court's Cm/ECF system and via first class mail on:

9   ODR Bkcy
    955 Center St NE
10  Salem, OR 97301-2555

11  I swear under penalty of perjury that the foregoing is true and correct to the best

12  of my knowledge, information, and belief.

13  Dated: April 17, 2013.

14          /s/ Kathy A. Moody
            Kathy A. Moody, Paralegal
15

16

17  21964-002\CERT OF SERVICE - KAM (01569101);1

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130